### M. BROWN v. J. A. McKEE.

#### No. 7067.

**Omission of Call in Description of Land.** — Where on inspection of field notes set out as a description of a tract of land the subject of litigation it is manifest that a call in the survey is omitted, no objection having been made to the defective description in the pleading and the attention of the trial court not having been called to the defect, that the omitted call was supplied in the judgment of foreclosure of the vendor's lien upon the land is no ground for reversal.

APPEAL from Bell. Tried below before Hon. W. A. Blackburn.
The opinion states the case.

*Saunders & Durrett* and *Monteith & Furman,* for appellant.—1. The judgment must conform to the pleadings. The plaintiff's original petition asks for the foreclosure of a vendor's lien on a certain tract of land, and purports to describe the said land by metes and bounds [see opinion], and the purported description therein fails to describe any land whatever, a plat of the field notes set out therein forming an irregular line and nothing more, thus:

The description and field notes of the tract of land upon which the vendor's lien is foreclosed as against Brown in the said judgment, which are set forth above in this assignment of error, is materially different from the description and field notes in the pleadings, and describes a tract of land thus:

2. The judgment must conform to the evidence and the verdict. An inspection of the written findings of the court shows that the court found the lien to exist on the one hundred acres described in plaintiff's petition and no other, and that the defect in the plaintiff's petition could not have been cured by the evidence. The court in its findings of fact and law refers to said petition for a description of the land in controversy, and nowhere in said findings gives any other description of said land. Rev. Stats., art. 1335; Chrisman v. Miller, 15 Texas, 159; Denison v. League, 16 Texas, 399; Boles v. Linthicum, 48 Texas, 220; Wallace & Co. v. Bogel & Bro., 62 Texas, 636; Edwards v. Smith, 71 Texas, 156; Thurmond v. Bronson, 69 Texas, 597.

No brief for appellee has reached the Reporter.

HENRY, ASSOCIATE JUSTICE—This suit was brought by appellee to recover upon a promissory note against John Faubian and to foreclose a vendor's lien against M. Brown.

The land against which the foreclosure was sought is described in plaintiff's petition as follows:

"One hundred acres of land out of the John Beal eighteen labors survey, situated about six miles southwest from the town of Belton, in Bell County, Texas, more particularly described as follows, to-wit: Beginning at the southwest corner of said Beal survey, stone mound; thence south 71 east 621 varas to a stone mound on the edge of a mountain; thence north 19 east 233⅔ varas to stone mound, from which two small live oaks bear south 71 east 24½ varas; thence south 71 east 248¼ varas

to a stone mound in a thicket, from which a gum elastic bears south 21 west ·1 vara; thence north 19 east 483 varas to a stone mound in Wm. Miller's south line; thence south 19 west 716½ varas to the place of beginning."

It is complained that this description applies to no particular land and does not therefore support the judgment rendered.

The petition, in addition to the above description of the land, also referred to certain deeds by which it had been conveyed.

If the last call alleged in the petition is reversed from the beginning which is called for by it, it will be apparent from it and the other calls of the survey given in the petition that the fifth call was entirely omitted in the above description, and that the omitted call, connecting the fourth with the sixth call, so as to inclose a survey of one hundred acres, will be a line extending from the fourth corner north 71 west 869¾ varas.

The omission was supplied in the judgment, which gives the last named call as the fifth, and completes a survey having the quantity of land alleged in the petition. We find nothing in the record to indicate that the judgment was not in this respect warranted by the evidence.

If the imperfect description given in it was deemed material the petition should have been excepted to.

The attention of the District Court was not directed to the matter either by an exception to the petition or by the motion for a new trial.

We think the judgment should be affirmed.

*Affirmed.*

Delivered April 28, 1891.