**GULF STATES UTILITIES COMPANY,**
Appellant,

v.

**Joe H. TONAHILL, Appellee.**

No. 7098.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 25, 1969.

Rehearing Denied Oct. 16, 1969.

**594**

Orgain, Bell & Tucker, Beaumont, for appellant.

Bill A. Martin, Newton, Monte D. Lawlis, Jasper, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the District Court granting a temporary injunction. Plaintiff, Tonahill, is the owner of the land across which defendant, Gulf States Utilities Company, instituted condemnation proceedings to secure an easement for its power lines. Other defendants are the County Judge and the Special Commissioners appointed to hear this matter. A temporary restraining order was first granted just prior to the hearing set by the Special Commissioners, and then later the temporary injunction was granted restraining defendants from proceeding with this condemnation action. This matter was heard by the court, and no findings of fact or conclusions of law were requested or made. The parties will be referred to here as they were in the trial court.

■ Defendant, Gulf States, first contends the District Court had no authority under the law of this State to enjoin the County Court from hearing this condemnation case. This court recently wrote on this question in Jefferson County Drainage District No. 6 v. Gulf Oil Corp., 437 S.W.2d 415 (Beaumont, Tex.Civ.App., 1969, no writ). As it was well stated in the opinion written by Justice Keith, that condemnation is a matter for the County Court, and a District Court cannot enjoin the County Court from trying any case of which the County Court has jurisdiction.

■ The jurisdiction of the County Court was invoked with the filing of the petition with the County Judge, followed by his appointment of the Special Commissioners and their notice to plaintiff of a hearing before them. Gulf Coast Irr. Co. v. Gary, 118 Tex. 469, 14 S.W.2d 266, 270, 17 S.W.2d 774 (1929); State v. Nelson, 160 Tex. 515, 334 S.W.2d 788, 790 (1960).

There is no question of priority of jurisdiction involved here. Also, no title question being raised, the County Court was the only court that had jurisdiction of the entire subject matter and the parties. If the condemnation proceeding was not void, then the District Court was without authority to grant the temporary injunction complained of. Gary, supra.

We next consider the contention of plaintiff that the proceeding was void because the description of the easement sought to be condemned was vague, ambiguous and uncertain. We proceed to review the evidence in this record as it relates to this matter.

In a judgment dated February 8, 1960, in Cause No. 4751, in the District Court of Newton County Texas, styled R. C. Rea, et al vs. Kirby Lumber Corporation, the title to a 208 acre tract in the A. M. Bevil League, Abstract 84, in Newton County, Texas, vested an undivided ½ interest in Kirby, an undivided ¼ interest in Glenn Barber and John H. Seale, and an undivided ¼ interest in others. An agreed partition was had by which Kirby Lumber Company conveyed to Barber and Seale et al a segregated 91.78 acres in the *central* portion of said 208 acres. On June 7, 1960, Barber and Seale conveyed to Joe H. Tonahill their interest in the 91.78 acres by field notes. Also the other owners conveyed their interest to Tonahill. This 91.78 acres is described in the petition for condemnation by Gulf States Utilities Company vs. Joe Tonahill, No. 1522, in the County Court of Newton County, Texas. The two rights-of-way and easements sought to be condemned are out of the parts of said 91.78 acres owned by defendant, Joe H. Tonahill, after he had conveyed 44.01 acres to Sabine River Authority of Texas. In Gulf States' petition, Tract No. One is 49.17 acres, being the east portion of the 91.78 acres, and Tract No. Two is 42.61 acres, being the west portion of the 91.78 acre tract, with field note descriptions of each tract. There are two distinct easement strips and rights-of-way, each 170 feet in width, extending 85 feet on either side of the following described center lines:

## "TRACT ONE

"ENTERING on the South line of this tract, the same being the North line of a tract owned by Kirby Lumber Company, at a point 442 feet East of the Southwest corner of this tract;

"THENCE N. 38° 13′ 27″ E., 273.52 feet to a point of exit on an Eastern line of this tract, the same being the westerly line of a tract owned by Sabine River Authority of Texas, said point of exit being N 37° 37′ 28″ W, 267 feet from the Southeast corner of this tract;

## "TRACT TWO

"ENTERING on a Westerly line of this tract, the same being the Easterly line of a tract owned by Sabine River Authority of Texas, at a point N 37° 37′ 28″ W., 350 feet, more or less, from the right descending bank of the Sabine River;

"THENCE N. 43° 15′ 00″ E., 898 feet to a point of exit on the north line of this tract, the same being the south line of a tract owned by Jack Martindale, et al, said point of exit being S. 89° 36′ W., 700.2 feet from the northeast corner of this tract."

We have detailed field note descriptions of the 91.78 acre tract. In the rights-of-way and easements being condemned is a call for the north line of a tract owned by Kirby Lumber Company, a call for the easterly and westerly lines of a tract owned by Sabine River Authority of Texas. In evidence is a deed from Joe H. Tonahill to Sabine River Authority of Texas conveying 44.01 acres out of the 91.78 acre tract described by detailed field notes.

J. D. Mayberry was a witness for plaintiff, Tonahill, in the present proceeding. Mayberry is a registered public surveyor, a licensed state land surveyor, with license on file inTexas with the proper officials in the county of his residence, and a qualified

surveyor. Mayberry took a plat prepared by Gulf States of the proposed rights-of-way crossing the Joe H. Tonahill tracts. From his own research and instruments in evidence, Mayberry was able to identify the tracts owned by Tonahill, by Sabine River Authority of Texas, by Kirby Lumber Company, and by Jack Martindale, et al, and adopted this plat as to such tracts as his own. This plat in connection with Mayberry's testimony was offered in evidence by plaintiff, Tonahill. It is a working sketch of Mayberry's. No surveying on the ground was made by Mayberry. This is plaintiff's exhibit 3 and is reproduced here.

The 91.78 acre tract has for its southwest corner the northwest corner of a Kirby Lumber Company tract, and called for in the deed from Kirby to Barber and Seale.

The Tract One easement strip begins on the south line of the 91.78 acre tract and the north line of a Kirby Lumber Company tract. This line can be only in one place, for it is the north line of a Kirby tract. The center line begins 442 feet east of this southwest corner and thence north 38° 13′ 27″ east to 273.52 feet to a point of exit on an eastern line of this tract to a point of exit in the easterly line of a tract *owned* by Sabine River Authority of Texas. The other location of the point of exit into Sabine River Authority tract may be disregarded, if inaccurate. The westerly line of the Sabine River Authority of Texas tract is called for. The center line goes to it.

As to Tract Two of the easement strip, it is a simple matter to reverse the calls and have complete certainty by beginning at the northeast corner of the 91.78 acre tract in the south line of a tract owned by Jack Martindale, et al, thence south 89° 36′ west 700.2 feet and from that point the center line being south 43° 15′ west 898 feet to a point of exit on the easterly line of the tract *owned* by Sabine River Authority of Texas. The uncertainty in the description of the Tract Two easement, as follows,

#### "TRACT TWO

"ENTERING on a Westerly line of this tract, the same being the Easterly line of a tract owned by Sabine River Authority of Texas, at a point N 37° 37′ 28″ W., *350 feet more or less, from the right descending bank of the Sabine River;*"

should be disregarded, for Mayberry testified the bank of the river had eroded and was eroding. Aerial maps showed erosion. The artificial objects such as concrete monuments for corner are more reliable.

The description of the two tracts sought to be condemned in connection with the descriptions of the 91.78 acres owned by Tonahill, less the 44.01 acres owned by Sabine River Authority of Texas and its description, the calls for corners, the identification of a south line of one tract as being the north line of a Kirby tract, the calls for the eastern and western line of the Sabine River Authority of Texas tract, and the south line of the Martindale tract, are certain and definite enough to enable a surveyor to locate and identify the two rights-of-way and easements described in Gulf States' petition for condemnation in the County Court. Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703, 705 (1935); Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222 (1949); Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, 152 (1945); Lange, Texas Practice, Vol. 5, Land Titles, Section 762, p. 154 et seq.; Stafford v. King, 30 Tex. 257 (1867); The Broaddus Case, Southwestern Law Journal, Comments, Vol. 8, p. 193 (1954); Brown v. McKee, 80 Tex. 594, 16 S.W. 435 (Tex.Sup., 1891).

■ We hold, therefore, that the description contained in the petition is not so vague, ambiguous, or lacking in certainty as to render the proceedings void. In the event questions as to the insufficiency of the description should be raised upon the trial in the County Court, that court has the authority to permit amendment to the pleadings so as to eliminate discrepancies when such can be done without material prejudice to the landowner, and the amendment does not inject an entirely new subject matter into the proceeding. State vs. Nelson, supra.

■ Plaintiff argues that the condemnation proceeding is void because the purpose for which defendant, Gulf States, seeks to condemn does not fall within Article 1435 Vernon's Ann.Civ.St. This article sets forth the powers of a Public Utility Company, and contains the following:

" * * * to construct, maintain and operate power plants and substations and

such machinery, apparatus, pipes, poles, wires, devices and arrangements as may be necessary to operate such lines at and between different points in this State; * * *."

Plaintiff contends Gulf States is attempting to condemn this easement for power lines to supply electric current beyond Texas, while according to the statute above quoted it must be between points in this State.

The petition filed by Gulf States contains the following:

" * * * so that said transmission lines may be used for transmission and distribution of electric current and energy to serve areas in said County and elsewhere in the State of Texas.

* * * * * *

" * * * plaintiff may properly transport and supply power and energy through said lines to serve the domestic, public and industrial customers in the Newton County area and other points upon its lines."

We think a fair interpretation of the evidence on this point is: That the Central Louisiana Electric Company operates on the Louisiana side of the Sabine River, and will connect up with the Gulf States lines. That Gulf States comes up to the Sabine River and quits, and Gulf States has no facilities on the Louisiana side of the river, with a power house in between. We find nothing in the evidence to indicate that electric current will flow across plaintiff's land into Louisiana. It is more likely that with a power house between them, the current will flow across plaintiff's land to other points in Texas.

The proceedings in the County Court not being void, the District Court was without jurisdiction of the subject matter and it was error for it to grant the injunction. The judgment below is reversed, the temporary injunction is dissolved, and the case is dismissed.

Reversed and dismissed.