D. H. SNYDER v. WILEY & PORTER.

(Case No. 4785.)

1. JURISDICTION.—When suit is brought in the district court to foreclose a lien alleged to exist on land for an amount which of itself would not be sufficient to give that court jurisdiction, and on the trial it is ascertained that no lien exists, the proper practice is to dismiss the cause for want of jurisdiction.

2. JUDGMENT AGAINST TRUSTEES.—No judgment can be rendered against the trustees of a corporation in their individual character, for the debt of the corporation, unless they have made themselves personally liable therefor; following Dyer v. Sullivan, 18 Tex., 773.

APPEAL from Williamson. Tried below before T. P. Hughes, Esq., special judge.

Suit brought in the district court of Williamson county, on the 11th day of June, 1880, by appellees Wiley & Porter, against appellants D. H. Snyder and others, as trustees of the Methodist Episcopal church, at the town of Round Rock in said Williamson county, for the sum of $163.20 and interest, and for the foreclosure of a mechanic's lien alleged to have existed upon the Methodist church building, situated upon lots designated. It was alleged that the lien was fixed by filing and having recorded a bill of particulars and an itemized account, which was attached as an exhibit to the petition.

Appellants denied the existence of the lien and alleged that the same had never been fixed according to law; they admitted that as trustees of the church they owed $93.80 upon the construction of the building as a mere open, unsecured account; they also alleged that the contract under which the house was erected was in writing, and that no lien could be fixed by the bill of particulars. First supplemental petition denying all allegations made by appellants in their answer, but alleged that the contract under which the work was done upon the house was in writing and that the original written contract was lost.

The court, without the intervention of a jury, rendered a personal judgment against the defendants for the sum of $158.20, the court deciding that appellees had fixed no lien upon the property.

*Jas. H. Robertson*, for appellant, on jurisdiction, cited Lessing *v.* Cunningham & Hardee, 55 Tex., 234; Moody & Jamison *v.* Cox, 54 Tex., 492; Hardeman *v.* Morgan, 48 Tex., 105; Bridges *v.* Ballew, 11 Tex., 269; Rev. Civ. Stats., art. 1335; Dyer *v.* Sullivan, 18 Tex., 771; Gonzales College *v.* McHugh, 39 Tex., 346.

No briefs for appellees on file.

WEST, ASSOCIATE JUSTICE.— The court, having found correctly under the facts that the appellees were not entitled to enforce the lien claimed, should have proceeded no further in the case. The amount not being of itself sufficient to give the court jurisdiction, the only ground upon which the power to retain the case could rest was that the appellees were entitled to foreclose the lien set out in their pleadings. Having failed to establish this right, and there being no other feature in this case that would authorize the court to proceed further, the suit should have been dismissed for want of jurisdiction. Bonner *v.* Watson, 6 Tex., 173; Girardin *v.* Dean, 49 Tex., 248.

From the averments of the petition it would seem that the appellants had been, in accordance with law, elected trustees of the Methodist Episcopal church of Round Rock. Such an organization. was then, and is now, a body politic and corporate with powers defined by statute. Hart. Dig., art. 3241; Pasch. Dig., arts. 486, 6000; R. S., arts. 637, 638. In such cases, even if the amount itself were within the jurisdiction of the district court, it has no power to render a judgment against the trustees in their individual capacity, unless they undertake to become liable personally for the debt of the corporation. It would be often difficult to find persons who. would act as trustees for churches, schools or other religious and educational corporations of this character, if, upon a contract like the present, made in their corporate capacity, they should be held to be individually bound. Dyer v. Sullivan, 18 Tex., 773.

The judgment is reversed and the cause dismissed.

REVERSED AND REMANDED.

[Opinion delivered May 22, 1883.]