## MASON & MASON v. BROWN.

No. 13564.

Court of Civil Appeals of Texas. Dallas.

July 21, 1944.

Rehearing Denied Sept. 29, 1944.

J. L. Turner, of Dallas, for appellants.

W. H. Hall and E. S. McAlester, both of Dallas, for appellee.

LOONEY, Justice.

The facts leading to the present controversy, in short, are these: Robert H. Claypool, a colored man, owning both real and personal properties situated in the states of Oklahoma and Texas, died in August, 1943, leaving a will in which he gave to his niece, Elizabeth Worthington Brown, appellee herein, all properties, real and personal, constituting his Texas estate, same being situated in the City of Dallas; and appointed her executrix of the will without bond. In the Seventh paragraph of the will he provided: "I appoint Mason & Mason attorneys for Elizabeth Brown." Mason & Mason was a firm of attorneys practicing at the Dallas Bar; a member of the firm drew the will in question, and at the instance of appellee caused the will to be probated, and later appellee, as executrix, took possession of the properties involved. It seems that very soon thereafter the executrix became dissatisfied with Mason & Mason as attorneys, claimed that they didn't have her confidence; that in violation of her suggestions, and contrary to her wishes, they had instituted in her name an action of trespass to try title against certain tenants occupying a piece of real property belonging to the estate; had taken matters into their own hands and without consulting appellee undertook to adjust her rights, both as an individual and as executrix, with persons in possession of properties belonging to the estate; claiming the right to do so by virtue of the provision of the will appointing them attorneys for the estate until finally wound up and settled; and that she, appellee, could not help herself. Thereafter appellee notified appellants orally and in writing that she no longer desired their services as attorneys, either individually or in her capacity as executrix, and in her individual capacity and as executrix instituted the present suit against appellants, alleging the facts just outlined in short, contending that she was not legally bound by the quoted provision of the will; that it was merely advisory, suggestive, precatory in nature; and prayed that it be annulled, for costs of suit and general relief.

In answer to the suit appellants urged pleas to the jurisdiction, in abatement, a general denial, plea of estoppel, waiver, and want of power to maintain the suit. The Probate Court sustained appellants' plea to the jurisdiction and dismissed the cause, to which appellee, as executrix and in her individual capacity, excepted and perfected an appeal to the District Court. The latter court overruled appellants' pleas to the jurisdiction, in abatement, estoppel, waiver, and, after hearing evidence, rendered judgment annulling the provision of the will in question, which among other things contained the following language: "It is therefore ordered, adjudged and decreed by the court that the said provision in the last will of Robert H. Claypool, deceased, namely, 'I hereby appoint Mason & Mason attorneys for Elizabeth Brown' be and the same is hereby annulled and held for nought, and the said executrix shall disregard said provision in said will." Thus it is obvious that by annulling the controversial provision of the will, necessarily the court fixed the rights, status and legal relations of all parties concerned in regard to the matter provoking the controversy.

Appellants urge quite a number of points of error, but we think they may be appropriately blended and reduced to the following: (1) That the Probate Court, as well as the District Court, was without jurisdiction to entertain the statutory action; hence this Court acquired no jurisdiction; (2) that in neither capacity, that is, as an individual or as executrix, did appellee show such an interest in the estate as authorized her to invoke the statute for the purpose of nullifying the objectionable provision of the will; (3) that, having elected to take the favorable provisions of the will, appellee was estopped to raise any objection to the provision in question; and (4) that the provision of the will called in question is valid; created them testamentary trustees to serve the estate as attorneys, irrespective of the wishes of the executrix, hence they cannot be discharged except for fraud, neglect, or incompetency.

The case has been presented by both sides as though it were controlled exclusively by the provisions of Arts. 3433 and 3434, Vernon's. For reasons, which will be stated, we think the proceedings were authorized by, and the action of the court below may be sustained under a proper construction of the statutes referred to, but we also think beyond doubt that the case comes under the broad provisions of the Uniform Declaratory Judgments Act enacted by the 48th Legislature, effective April 26, 1943, Vernon's Ann.Civ.St. Art. 2524—1. These statutes, in our opinion, are not necessarily conflicting, but the Declaratory Judgment Act covers a much wider field than that covered by the rather

narrow provisions of Art. 3433. Art. 3433 provides that after a will has been probated, as in the instant case, its provisions and directions shall be specifically executed unless annulled or suspended by an order of the court probating the will "in a proceeding instituted for that purpose by some person interested in the estate." Under the will in question appellee was made sole legatee of that portion of testator's estate situated in the City of Dallas, Texas; was appointed executrix without bond, and title to these properties vested immediately in appellee on the death of the testator, subject to administration. Art. 3314. In her dual capacity, that is, as executrix and as legatee and devisee, appellee sued and prayed that the objectionable provision of the will appointing Mason & Mason attorneys for her be annulled. As sole legatee, vested with title to the properties subject to administration, we think she had an interest in the estate within the meaning of the statute; was interested in having the objectional provision of the will annulled to the end that, as executrix, she would be free to employ attorneys of her own choice when needed and on such terms as might be, agreed upon, instead of having to accept unwillingly the imposed services of Mason & Mason. See Ragland v. Wagener, Tex. Sup., 180 S.W.2d 435.

Appellants contend, however, that under the provisions of Art. 3434 the only place the executrix can have in an annulment proceeding is that of defendant,—this under the assumption that she is the legal representative of all persons interested in the estate; and that Mason & Mason were improperly sued. The statute in question provides that on the filing of an application to annul (Authorized by Art. 3433) the clerk shall issue a citation for the executor or administrator to appear at a regular term of court and answer the application; and further, that the citation shall direct the executor or administrator to refrain from executing the objectionable provisions and directions of the will until the matter is finally decided by the court. We do not think the provisions of this Article are applicable to the instant case where the executrix is also the complaining legatee, and is only applicable where the executrix or executor, as the case may be, and the complaining party are different persons. The suit filed by appellee in her dual capacity put her in court for all purposes. There is no provision of the statute that

forbids any interested person being made a party to the annulment proceedings; and Mason & Mason, claiming the right under the objectionable feature of the will to represent the estate as attorneys, were the only persons interested in maintaining and enforcing the same; hence we think were necessary parties.

However, we think the proceedings come under and are controlled by the comprehensive provisions of the Uniform Declaratory Judgments Act, Vernon's Ann.Civ.St. Art. 2524—1. Insofar as applicable here, the Act provides: Sec. 1 that "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree." Sec. 2 provides that: "Any person interested under a * * * will * * * may have determined any question of construction or validity arising under the instrument * * * and obtain a declaration of rights, status, or other legal relations thereunder." Sec. 4 provides that: "Any person interested as or through an executor, administrator * * * devisee, legatee * * * in the administration * * * of the estate of a decedent * * * may have a declaration of rights or legal relations in respect thereto; (a) * * * (b) To direct the [executor], executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or (c) to determine any question arising in the administration of the estate or trusts, including questions of construction of wills and other writings." Sec. 5 contains a general provision that "the enumeration in Sections 2, 3, and 4 does not limit or restrict the exercise of the general powers conferred in Section 1, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty." Sec. 7 provides that: "All orders, judgments, and decrees under this Act may be reviewed as other orders, judgments, or decrees." Sec. 11 provides that: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which may be affected by the

declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding * * *." Sec. 12 states that: "This Act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered."

Thus it is obvious that within their respective jurisdictions courts of record have ample power to declare rights, status or other legal relations under wills; to determine any question of construction or validity; and any person interested as executor, administrator, devisee or legatee, in the administration of an estate may bring an action in a court of proper jurisdiction against the person or persons who have or claim any interest which would be affected, to have the court determine and decree the rights, status or other legal relations thereto. The facts of the instant case, in our opinion, bring it clearly within the provisions of the Act from which quotations have just been made. In her capacity as executrix and as sole legatee under the will of Robert H. Claypool, appellee instituted the proceedings in the court where the will was probated for the purpose of having annulled the provision appointing Mason & Mason attorneys; appellee's contention being that the language was merely suggestive, precatory in nature and not binding upon her in any sense; created no legal right in Mason & Mason to act as attorneys for the estate contrary to the wishes and over the protest of appellee. On the other hand, Mason & Mason contend that the provision in question is perfectly valid; created in them the status of attorneys for the estate, with the legal right to sue and take such action and do such things as they deemed appropriate, irrespective of the wishes and even over the protest of appellee, and that they could only be discharged from such position for fraud, dereliction of duty, or incompetency. The above, in our opinion, states the issue presented to the court.

Thus we see that courts of record within their respective jurisdictions may exercise the powers conferred by the Act. As heretofore shown, Article 3433 expressly confers the right upon any person interested in an estate to institute an annulment proceeding in the probate court where the will was probated. Appellee, as sole legatee of testator's estate in Dallas, Texas, in our opinion was such an interested party. In addition to this specific provision, the county court sitting in probate, both by statute and the Constitution is clothed with the powers of a court of general jurisdiction, and entitled to all the rights as such, in regard to probate matters coming before it, just as a district court has with reference to matters within its general jurisdiction. See Vernon's Ann.Civ.St. Art. 3290, Const. Art. 5, Sec. 16, Vernon's Ann.St. and authorities cited in Note 2, 9 Vernon's Civil Statutes.

We therefore overrule appellants' contention that the courts below were without jurisdiction, that this court is without jurisdiction, and that appellee did not have such an interest in the estate, either as executrix or as legatee and devisee, as would authorize her to maintain the annulment proceedings.

We do not think the facts raised the issue of estoppel by election. This doctrine is only applicable where the will undertakes to bestow a gift and also would deprive the donee of a prior existing right, thus confronting the devisee or legatee with the alternative of accepting the devise or bequest and renouncing the prior existing right; or of retaining the latter and renouncing the devise or bequest. No such situation was presented by the will under consideration; it did not require appellee, in order to accept the bequest or devise, to renounce or surrender any property or right. See 44 T.J., Sec. 285, p. 863.

This brings us to appellants' contention that the provision of the will under consideration was and is valid; that they had the right to act thereunder, irrespective of and contrary to the wishes of appellee, and cannot be discharged except for fraud, neglect of duty, or incompetency; therefore the court erred in annulling the provision in question.

This question is of first impression in this State; we have been unable to find and have not been cited any case presenting the identical question. Cases are few in which the question was presented, but it seems that where presented the courts uniformly held that such a provision was merely suggestive, precatory in nature, and not binding upon the executor or executrix. In re Ogier's Estate, 101 Cal. 381, 35 P. 900, 901, 40 Am.St.Rep. 61, the Supreme Court of California held that a provision in a will whereby the testator selected a cer-

tain person as attorney of his estate and directed his executrix to consult and employ him in all matters pertaining thereto, did not constitute a selection binding upon the executrix, but was merely advisory, saying, among other things, that "There is no such office or position known to the law as 'attorney of an estate.'" The same doctrine was announced by the Supreme Court of Oregon in Re Pickett's Will, 49 Or. 127, 89 P. 377, and by the Court of Appeals of New York in Re Caldwell, 188 N.Y. 115, 80 N.E. 663; to the same effect see Am.Jur., Sec. 232, p. 502. We adopt the doctrine of these authorities; hence overrule appellants' points of error and affirm the judgment below.

Affirmed.