**CITY OF LUBBOCK, Appellant,**

v.

**W. M. GREEN, Appellee.**

**No. 6758.**

Court of Civil Appeals of Texas.

Amarillo.

March 31, 1958.

Vaughn E. Wilson, City Atty., Fred O. Senter, Jr., and H. L. DeBusk, Asst. City Attys., Lubbock, for appellant.

Treadway & Blumrosen, Lubbock, for appellee.

CHAPMAN, Justice.

Because of matters raised on appellant's motion for rehearing, our opinion heretofore announced is withdrawn and the following opinion is substituted in lieu thereof.

This appeal is from an order of a District Court granting a temporary injunction temporarily enjoining the City of Lubbock, a Home Rule City "from trying to exterminate or in any manner harming" a German Shepherd Police dog belonging to appellee, W. M. Green and ordering the judge of the

corporation court to set a fair and equitable bond in the amount of a hundred dollars in order that appeal might be perfected to the County Court at Law of said county.

Sometime prior to August 13, 1957, a criminal complaint was filed in the Corporation Court of the City of Lubbock against W. M. Green, appellee, for maintaining a vicious dog. A Warrant was issued, either for his arrest or notifying him of the complaint and that he was to appear before said court on August 13, 1957, for a hearing. The complaint was filed on a legal criminal complaint form regularly used by the corporation court. On August 13, 1957, in Cause No. A5677–4, on the criminal court docket of said court a hearing was had with appellee and his attorney, J. R. Blumrosen present, at which time W. M. Green was found guilty of maintaining a vicious dog and the animal was ordered put to death. On the same day appellee gave notice of appeal to the County Court at Law of said County, the judge of the corporation court set a bond of $100, a criminal case bond was posted and the appeal was duly perfected to the county court at law from the ruling of the corporation court. After the case was docketed in the last named court a motion to quash was filed and a copy of the motion was furnished the county attorney. Thereafter, upon a hearing in open court upon the motion theretofore filed, the complaint was quashed by the county court at law. The record does not show upon what grounds the complaint was quashed. Following the action of the court in quashing the complaint appellee requested the City Animal Warden to return his dog. This request was refused and the office of the city attorney filed another complaint. The first one had been styled "State of Texas v. W. M. Green" but the second one, using the same number as the one appealed, was styled "City of Lubbock v. W. M. Green." A copy of that complaint ordered a hearing to be held on the 23rd day of August, 1957, at 10:00 A.M. On the morning of August 23, 1957, a subpoena issued upon a criminal complaint was served upon J. R. Blumrosen commanding him to immediately appear as a witness before the Corporation Court wherein a criminal case was then pending against W. M. Green. It appears from the record that some testimony was taken that day but the full hearing was not had on this case until August 24, 1957, after a policeman had served a copy of the complaint on W. M. Green about noon on August 23, 1957. Neither Green nor any counsel appeared for him at the August 24 hearing. J. R. Blumrosen was present under subpoena, but in his brief filed in this court on behalf of appellee, he denies that he represented Green at the hearing. He does admit that following additional testimony and another finding by the corporation court that appellee was guilty of maintaining a vicious dog he requested the court to set a reasonable appeal bond in order that W. M. Green might appeal the case to a court of competent jurisdiction. The judge of the corporation court refused to set bond, advising Mr. Blumrosen that Green had no right of appeal from his order. Apparently the corporation court judge took the position that he was operating as an administrative officer, since that is the position that has been taken by the City of Lubbock on this appeal.

Following the corporation court hearing of August 24, W. M. Green sought a temporary restraining order in the District Court and upon a hearing thereafter conducted as to whether appellant would be temporarily enjoined the City of Lubbock was temporarily enjoined from exterminating or in any manner harming the dog of plaintiff until such time as a court of competent jurisdiction might determine the ultimate fate of said animal; that the dog belonging to appellee should remain in the custody of the animal warden of the City of Lubbock until the disposition of said dog might be determined by a court of competent jurisdiction; and the judge of the corporation court was ordered to set a fair and equitable bond in the amount of

$100 in order that the plaintiff might perfect his appeal from the judgment rendered by the corporation court, to the County Court at Law of Lubbock County, Texas. It is from the action of the district court that the City of Lubbock has perfected its appeal.

Article 3, Section 4–25, Lubbock City Code provides as follows:

"Section 4–25 Vicious Dogs

"If any dog within the city shall bite, scratch or otherwise attack any person, and the person so attacked was not at the time trespassing upon the property of the owner or person having control of said dog, *or if it cannot be proved beyond a reasonable doubt that the person so attacked was provoking or teasing such dog*, the corporation court of the city shall have the authority to order and hold a hearing and, if such court shall determine at such hearing that such dog is vicious or dangerous to persons or other animals, the court may order that such dog be kept muzzled, or that such dog be kept within a sufficient enclosure, or that such dog be delivered to the animal warden and by him destroyed." (Emphasis supplied.)

Article 5, Section 1 of our Texas Constitution, Vernon's Ann.St., establishes the judicial power of this state. After establishing specifically named courts it provides "The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

Under the authority of the constitution just quoted the Legislature of our state has granted and established, through what is now Article 1194, Vernon's Ann.Civ.St. a court to be known as the "Corporation Court." The jurisdiction of corporation courts was established by our Legislature in what is now V.A.C.S., Article 1195.

Under our Code of Criminal Procedure, Article 833 provides for appeal from corporation court by making an appeal bond; Article 834 provides the filing of the appeal bond perfects the appeal; Article 836 provides that giving notice of appeal shall have no effect until the required appeal bond has been filed; Article 837 provides that in all appeals from corporation courts to county courts the trial shall be de novo, the same as if the prosecution had begun in that court; Article 876 provides the county court shall hear appeals from a corporation court in all cases except where the county court has no jurisdiction, in which counties such appeal shall be heard by the proper court.

Through Article 1970–340, V.A.C.S. our Legislature created the County Court at Law of Lubbock County. Said Article confers " * * * jurisdiction in all matters and causes; civil and criminal, original and appellate, over which by the General Laws of the State, the County Court of said County would have jurisdiction, except * * *" probate matters. Section 6 of this article provides the county court as then existing, " * * * shall have all jurisdiction which it now has, save and except that which is given the County Court at Law of Lubbock County * * *"

■ Since Article 1195, V.A.C.S., above mentioned, limits the jurisdiction of corporation courts to criminal cases it is clear from the articles mentioned that any appeal from the Corporation Court of Lubbock County would go to the County Court at Law of said county, and that an appeal to said court would lie only if the proceedings constituted a criminal case.

■ We recognized in our original opinion that the ordinance under which appellant sought to execute the dog may not have all the characteristics to make it a misdemeanor offense but stated that if it furnished any means by which the animal could be executed, under the record before us, it would have to be of that nature. Neither party cited or referred to Article

1175, V.A.C.S. in their briefs before this court. In our original opinion we referred to said article which enumerates the powers of Home Rule Cities to define nuisances and prohibit the same. In its brief "appellant prays the Court that the temporary injunction issued by the Trial Court be in all things dissolved," which would have the effect of permitting the execution of the dog without further hearing. However, in its motion for rehearing appellant takes the position that the District Court may not expunge itself of jurisdiction. So, as a prerequisite to the District Court's retaining jurisdiction to pass on the right of the City of Lubbock to execute the dog under the proceedings used we hold the hearing did not constitute a criminal case. We are not now passing on the question as to whether the City of Lubbock has the power under the ordinance above quoted (an ordinance which places the burden of proof in reverse under criminal law standards) to destroy a dog kept in an enclosure at a private residence, in the absence of proof that such action created a public nuisance as distinguished from a nuisance to invitees. We will pass on that question if and when it gets to us.

Since the brief of appellant challenges the authority of the District Court to issue the temporary injunction we feel it our duty to write on that question regardless of the statement in appellant's motion for rehearing to the effect that the District Court could not expunge itself of jurisdiction.

■ Much has been written in legal periodicals, text books, and case law concerning the respective jurisdictions of county and district courts to issue injunction and mandamus. An article which gives the best elucidation and most comprehensive discussion of the subject is a cash winning article styled "Courts—Jurisdiction of District and County Courts of Texas to Issue Injunction and Mandamus," Volume 12, Texas Law Review, pages 457 to 469 inclusive. From the conclusions of the author of the law review article and the

many cases cited therein we believe it is safe to say that (1) under Article 5, Section 16 of the Texas Constitution the jurisdiction of the county courts to issue an injunction and mandamus is extended only to those cases where it is necessary to enforce jurisdiction which has already been acquired by virtue of the subject matter or amount in controversy; (2) under said section the authority of the county court to issue injunction and mandamus is limited to those cases where the amount involved exceeds $200 and does not exceed a thousand dollars; (3) jurisdiction is in the district court to issue injunction and mandamus which does not involve an amount in controversy; (4) every person for an injury done should have a remedy. That the county court is limited to the authority shown in (2) above is supported by the recent Supreme Court case of Ex parte Bryant, 285 S.W.2d 719, 720. In that case the state contended that under Article 4656, V.A.C.S. jurisdiction for injunction was determined by the "matter in controversy" but the Supreme Court held "amount in controversy" and "matter in controversy" are used inter-changeably and not as separate categories. Therefore, we hold the district court has jurisdiction in the instant case.

■ The sufficiency of the pleadings of appellee for the temporary injunction is attacked by appellant, and with some justification. We believe before the case is tried on a hearing for permanent injunction appellee's pleadings would have to be more specific in their allegations and for their requests. The purpose for the issuance of a temporary injunction is to maintain the status quo in regard to matters in controversy until further hearing can be had and the pleadings do not need to conform to such particularity as they would for further hearing. Red Devil Club v. State of Texas, Tex.Civ.App., 307 S.W.2d 627.

■ Appellant urges that the trial court abused its discretion in granting the relief shown. The granting of a temporary injunction is within the sound discretion

of the trial court and its action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of discretion. Suburban Club, Inc. v. State, Tex.Civ.App., 222 S.W.2d 321; Dallas General Drivers, Warehousemen and Helpers Local Union No. 745 v. Oak Cliff Baking Co., Tex.Civ.App., 203 S.W.2d 586; International Ass'n of Machinists Union, Local No. 1488 v. Federated Ass'n of Accessory Workers, Tex. Civ.App., 109 S.W.2d 301; Harris County v. Bassett, Tex.Civ.App., 139 S.W.2d 180. We believe the trial court was not guilty of abusing its discretion in granting the temporary injunction. Accordingly, the judgment of the trial court is affirmed wherein it enjoined the City of Lubbock from trying to exterminate or in any manner harming the dog belonging to W. M. Green until such time as it may determine the ultimate fate of said animal. The judgment of the trial court is reversed and rendered wherein it required the Judge of the Corporation Court of Lubbock County to set a bond in order that W. M. Green might perfect his appeal to the County Court of Law of Lubbock County. The judgment of the trial court is affirmed wherein it assessed the costs of court equally between the parties.