**D. F. SANDERS, Appellant,**

v.

**The CITY OF BEAUMONT et al., Appellees.**

**No. 7261.**

Court of Civil Appeals of Texas, Beaumont.

July 29, 1971.

Motion for Rehearing Overruled Aug. 26, 1971.

W. G. Walley, Jr., Beaumont, for appellant.

Weller, Wheelus, Green & Brocato, Beaumont, for appellees.

STEPHENSON, Justice.

In the district court, Sanders sought a writ of mandamus to compel the judge of the county court at law to render an administrative judgment upon an award of special commissioners in an eminent domain proceeding. The district court sustained a plea to the jurisdiction and entered judgment dismissing the cause. The parties will be referred to by name.

The City of Beaumont, for itself and the State of Texas, filed a petition with the county judge of Jefferson County to condemn certain land. Such petition showed as "owners of said land * * * D. F. Sanders, The State of Texas and County of Jefferson, * * * Beaumont Independent School District, * * * City of Beaumont, * * * Claimants by virtue of taxes which had accrued." The judge entered an order appointing commissioners, who set a date for a hearing. Sanders waived service and appeared in person and with his attorney for such hearing. The taxing authorities were not cited to appear and did not enter an appearance before the commissioners.

The commissioners made their award in writing July 28, 1965. August 3, 1965, the amount of the award was deposited with the county clerk "to the order of D. F. Sanders; State of Texas & County of Jefferson, Beaumont Independent School District, The City of Beaumont, Taxing Authorities," claimants by virtue of taxes which have accrued.

Sanders requested the county clerk to make a check payable to him alone in the full amount of the award, but the check delivered to Sanders was also payable to the State of Texas, Jefferson County, Beaumont Independent School District, and the City of Beaumont, Taxing Authorities.

In order to get the required endorsements so the check could be cashed, Sanders paid the estimated amount of taxes for the year 1965 to each of the taxing authorities. August 19, 1965, the State of Texas and the City of Beaumont filed written objections and exceptions to the award by the commissioners with the judge of the county court at law. Thereafter, Sanders filed his motion in the county court at law for judgment upon the award of the commissioners. That motion was heard and denied by the judge of the county court at law and no appeal was taken from that order. Sanders then filed his petition for mandamus in the district court.

There is no disagreement as to the facts in this case. The parties stipulated all of the pertinent matters which gave the county court jurisdiction to hear an eminent domain case, including those set forth above. It was agreed that all taxes for the year 1964 and prior years had been paid but that no taxes had been paid for the year 1965.

Sanders states in his brief that the administrative proceedings involved in this case, up to August 3, 1965 (the date the award was deposited with the county clerk), were without irregularity. Sanders contends at that point that, inasmuch as the taxing authorities were not made parties, such fact deprived the commissioners of jurisdiction to apportion the award between Sanders and such taxing authorities; that the City of Beaumont failed to comply with Art. 3268, § 1, Vernon's Ann.Civ.St., in order to secure possession of the property, by failing to deposit the full amount of the money with the county clerk subject to his order only.

The essence of Sanders' contention is that the City of Beaumont, by failing to tender the amount of the award of the commissioners to him unconditionally, and by tendering the award payable jointly to him and to the taxing authorities, followed by the taking of his land "effectively and

conclusively settled" all matters and issues between the parties, before any attempt was made to invoke the judicial power of the county court at law. He contends, therefore, that the City took possession of his land without compliance with the provisions of Art. 3268, and that it thereupon became the ministerial duty of the judge of the county court at law to cause the decision of the commissioners to be recorded in the minutes as the judgment of the court. We disagree.

Before the filing of the objections to the award of the special commissioners, the pending proceeding was "an administrative and not a judicial proceeding." State v. Giles, 368 S.W.2d 943, 945 (Tex.Sup.1963). The timely filing by City of its objections to the award of the special commissioners converted the pending administrative proceeding into a cause pending in the county court at law. Denton County v. Brammer, 361 S.W.2d 198, 200 (Tex.Sup.1962). Under the clear holding of the court in Pearson v. State, 159 Tex. 66, 315 S.W.2d 935, 937 (1958), "the filing of timely objections confers jurisdiction upon the county court to hear and determine the issues in the exercise of its judicial powers." The county court at law, consequently, "acquired full jurisdiction to hear and determine all issues involved in the condemnation proceedings, * * *" Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4, 9 (1937).

It is noted that the relevant statute [Art. 3266, § 6] does not require a deposit of the money awarded by the commissioners as a prerequisite to an appeal, but only as a prerequisite to the taking of possession of the land. Art. 3268. The City, having perfected its appeal in the time and manner provided by law, converted the proceeding into a civil case in the county court at law. All of the matters com-

plained of by Sanders in the mandamus proceeding should have been addressed to and litigated in that forum. Tonahill v. Gulf States Utilities Company, 446 S.W.2d 301 (Tex.Sup.1969).

The only power of control a district court has over a county court is that conferred by the constitution and statutes of our state. The constitutional provision is Art. 5, § 8, Vernon's Ann.St. which reads in part as follows:

"The District Court * * * shall have [the] power to issue writs of * * * mandamus * * * and all writs necessary to enforce their jurisdiction."

Art. 1914, V.A.C.S. reads in part as follows:

"Judges of the district courts may * * * grant writs of mandamus * * * and all other writs necessary to the enforcement of the jurisdiction of the court."

The district court has no appellate jurisdiction in eminent domain cases, so obviously a writ of mandamus could not have issued for the purpose of enforcing the jurisdiction of the district court. See Winfrey v. Chandler, 159 Tex. 220, 318 S.W.2d 59 (1958). The situation is different when the county court is sitting in probate matters. See Alice National Bank v. Edwards, 383 S.W.2d 482 (Tex.Civ.App., Corpus Christi, 1964, error ref. n.r.e.)

The case before us, being neither a cause in which the district court had appellate jurisdiction nor an act which constituted a ministerial duty on the part of the county judge, the mandamus was properly refused.

Affirmed.