The CITY OF BEAUMONT, Appellant,

v.

Lucille Monsur WEST, Appellee.

No. 7398.

Court of Civil Appeals of Texas, Beaumont.

Sept. 21, 1972.

Rehearing Denied Sept. 28, 1972.

Anthony Brocato, Beaumont, for appellant.

W. G. Walley, Jr., Beaumont, for appellee.

KEITH, Justice.

City appeals from an order granting a temporary injunction which restrained City from "condemning or taking possession of any part of the property and premises of Plaintiff" which were described in the order. Plaintiff instituted suit in the County Court of Jefferson County at Law No. 2, alleging that she was the owner of the premises described and that she was oper-

ating a beauty shop therein as she had done for many years before the controversy arose.

She alleged that City had made plans for the construction of a street along a tract of land formerly occupied by the Missouri Pacific Railroad as a right-of-way and that the proposed street would extend over and across the property which she was using in her business. She alleged that City had wholly failed to negotiate with her for payment of any amounts or sums which she claimed to be due under the provisions of the Relocation Assistance Program set out in Art. 3266b, Vernon's Ann.Civ.St., hereinafter the "Act".* Plaintiff sought a declaratory judgment that the provisions of the Act were applicable to the contemplated condemnation proceedings which City had notified her would be instituted if she refused its monetary offer. She alleged that she would suffer irreparable injury and damage if City instituted the condemnation proceedings without compliance with the Act and that the court should restrain City from beginning condemnation proceedings before the entry of a final judgment in the declaratory judgment suit.

Upon the hearing it was established that City had offered plaintiff a substantial sum of money for the property to be taken and had advised her that upon her refusal to accept such offer by a day certain, eminent domain proceedings would be instituted by City. It was also shown without question that City refused to recognize the applicability of the Act in the eminent domain proceedings and had not offered her any sum under the provisions of the Act. City's position is clear: It contended that the provisions of the Act were not applicable to City since the street project was one financed wholly by City from its own funds and no federal or state funds were involved in the project. We express no opinion upon this question.

The parties submitted briefs tendering the issues as to the applicability of the Act to the threatened condemnation proceedings; but this court, sua sponte, raised the question of jurisdiction of the trial court to hear and determine the issues presented by the parties in their pleadings below. At our request, additional briefs confined to the jurisdictional issue were filed and the cause advanced upon our docket. Being of the opinion that the trial court did not have jurisdiction of the cause as presented by plaintiff's pleadings below, we dissolve the temporary injunction and dismiss the cause. Our reasons for such action are now stated.

■ Although there were no pleadings challenging the jurisdiction of the trial court and the matter has not been raised directly by the parties, we must first determine our jurisdiction over the controversy. As was said in Able v. Bloomfield, 6 Tex. 263, 264 (1851), "Want of jurisdiction of the subject matter of the suit, will arrest a cause at any stage of the proceedings."

■ Jurisdiction of a court is conferred only by the constitution and the statutes and a court without jurisdiction cannot render a valid judgment. Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079, 1084, 48 A.L.R. 355 (1926); Daniel v. Dallas Independent School District, 351 S.W.2d 356, 359 (Tex.Civ.App., El Paso, 1961, error ref. n. r. e.). If at any time during its progress it becomes apparent that the court has no authority under the law to adjudicate the issues presented, it becomes the duty of the court to dismiss it. Snyder v. Wiley & Porter, 59 Tex. 448, 449 (1883); Galley v. Hedrick, 127 S.W.2d 978, 981 (Tex.Civ.App., Amarillo, 1939, no writ).

Although it is clear from our record that City intended to commence a condemnation proceeding against plaintiff to acquire the

---

* Acts 1969, 61st Leg., p. 133, ch. 45, as amended by Acts 1971, 62nd Leg., p. 2817, ch. 918, § 1. These Acts, in turn, are tied to the Act of the Congress found in 42 U.S.C.A. § 4601, et seq.

land described in her petition, no such proceeding had been filed at the time plaintiff instituted her suit or at the time the trial court entered the order granting the temporary injunction. There was no administrative or judicial proceeding involving condemnation pending before the trial court when the order was entered. Cf. City of Houston v. Plantation Land Company, 440 S.W.2d 691, 693 (Tex.Civ.App., Houston–14th, 1969, error ref. n. r. e.), and Sanders v. City of Beaumont, 470 S.W.2d 80, 82 (Tex.Civ.App., Beaumont, 1971, error ref. n. r. e.).

■ The trial court could acquire jurisdiction of the condemnation proceedings only by the filing of the petition for condemnation and notice to the landowner served in accordance with Art. 3264, V.A.C.S. City of Houston v. Kunze, 153 Tex. 42, 262 S.W.2d 947, 951 (1953).

The county court has power, under the provisions of Art. 5, § 16 of the Constitution of Texas, Vernon's Ann.St., to issue writs of injunction only when "necessary to the enforcement of the jurisdiction of said Court." This constitutional provision is carried forward in almost identical language into Art. 1957, V.A.C.S. In City of Lubbock v. Green, 312 S.W.2d 279, 283 (Tex.Civ.App., Amarillo, 1958, no writ), the court said:

"[U]nder Article 5, Section 16 of the Texas Constitution the jurisdiction of the county courts to issue an injunction and mandamus is extended only to those cases where it is *necessary to enforce jurisdiction which has already been acquired by virtue of the subject matter or amount in controversy*". (emphasis supplied)

See also 12 Tex.Law Rev. 457 to 469 inclusive (1934).

■ However, by an unbroken line of decisions, this constitutional power is not limited to instances necessary to enforce the jurisdiction of the county courts. See Repka v. American Nat. Ins. Co., 143 Tex. 542, 186 S.W.2d 977, 980 (1945), and cases therein cited. Thus, the county court has general authority to issue injunctions "where a money demand or its equivalent is involved wherein the amount in controversy exceeds $200 and does not exceed $1,000, exclusive of interest." *Repka*, supra. Cf. Gottschalk v. Gottschalk, 212 S.W.2d 223 (Tex.Civ.App., Austin, 1948, no writ); Guerra v. Weatherly, 291 S.W.2d 493 (Tex.Civ.App., Waco, 1956, no writ).

The plaintiff had no allegations or proof as to the jurisdictional amounts so as to bring herself within the reach of the decisions just noted. Consequently, the exception so noted is not applicable to the case at bar. Pounds v. Callahan, 337 S.W.2d 148 (Tex.Civ.App., Beaumont, 1960, no writ). Instead, plaintiff seeks to support jurisdiction upon the proposition that a condemnation proceeding would be filed in the County Court at Law and that the court, consequently, had potential jurisdiction of the declaratory judgment suit.

■ But, as Justice Walker observed in Winfrey v. Chandler, 159 Tex. 220, 318 S.W.2d 59, 61 (1958), "A court which is authorized to issue extraordinary writs to enforce its jurisdiction may not exercise that power in aid of its potential jurisdiction. It is only after that jurisdiction has been invoked in the manner prescribed by law and has thus become active that the court may act to enforce or protect the same."

The injunction which we review in this case is ancillary to the suit for declaratory judgment that the Act is applicable to the contemplated proceedings. Houston Oil Co. of Texas v. Village Mills Co., 109 Tex. 169, 202 S.W. 725 (1918); Lowe and Archer, Remedies, § 331, p. 345 (1957).

■ The narrow question which we face is whether or not the county court had *any* jurisdiction to hear and determine the questions presented at the time it entered the order enjoining City from prosecuting its proposed condemnation proceed-

ing. Such power to enjoin a condemnation suit is extremely limited for, as was said in Tonahill v. Gulf States Utilities Company, 446 S.W.2d 301, 302 (Tex.1969), "The right of appeal affords petitioner an adequate remedy for anything that may occur in the condemnation proceedings up to and including the award of the special commissioners."

Nor do the provisions of the Uniform Declaratory Judgments Act confer jurisdiction upon the trial court. In Donald v. Carr, 407 S.W.2d 288, 292 (Tex.Civ.App., Dallas, 1966, original proceedings), the court said, "It has often been held that the Uniform Declaratory Judgments Act is not intended to give jurisdiction where none exists, or to confer additional jurisdiction, but is merely a procedural device."

Indeed, in Trinity River Auth. v. Southland Paper Mills, Inc., 448 S.W.2d 516, 517 (Tex.Civ.App., Beaumont, 1969, no writ), Justice Stephenson considered a suit brought under the Declaratory Judgments Act in a district court wherein the landowner had procured an ancillary temporary injunction to restrain condemnation of its lands. Quoting from *Tonahill,* supra, this court held that the declaratory judgment action would not lie; consequently, the temporary injunction was dissolved and the cause dismissed. This holding was in accord with the general rule denying to the landowner the right to an injunction restraining the exercise of the right of eminent domain. See Nichols on Eminent Domain, (3rd Ed.), Vol. 6A, §§ 28.22 and 28.-34.

Plaintiff's reliance upon Brazos R. Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W.2d 842, 846 (1943), is misplaced. There the reclamation district had invoked the jurisdiction of the county court to condemn a part of Allen's land. It sought to dismiss this suit and to institute another condemnation proceeding after it had deposited the amount of the award of the commissioners. The Supreme Court held that the county court acted within its jurisdiction in enjoining the reclamation district from proceeding with the second suit before the commissioners prior to final disposition of the first suit. Thus, the county court issued the injunction to enforce the jurisdiction which it had acquired in the first suit. Jurisdiction over the subject matter of plaintiff's suit was not acquired by the filing of the declaratory judgment action in this cause.

■ Our dissenting brother, citing three cases arising under the Declaratory Judgments Act, does not mention the fact that in each instance the judgment reviewed was that of a district court, not of a county court. We pause to note that the constitutional and statutory grounds of jurisdiction of the two courts are entirely different, the district court being a court of general jurisdiction, while the county court is one of limited jurisdiction. Cf. County of Anderson v. Kennedy, 58 Tex. 616, 622 (1883). We readily concede that the county court, once its jurisdiction is invoked in an eminent domain proceeding, has jurisdiction to the exclusion of all other courts of the subject matter of the litigation and can enforce such jurisdiction, if necessary, by ancillary injunctive process. *Allen Case,* supra.

By the issuance of the temporary injunction in this case, the court below has effectively prevented the filing of a condemnation proceeding in which all questions, including that of the applicability of the Act, could be determined in that court. We do not find it necessary to determine if the district court, under the circumstances shown by this record, might have had jurisdiction to consider the question presented and to have entered the order which we review. It is sufficient to say that the county court at law did not have jurisdiction to hear and determine the basic question presented by plaintiff's petition at the time it was filed. It follows, therefore, that the ancillary injunction issued was a nullity. Under these circumstances, we have no alternative but to dissolve the temporary injunction and to dismiss the cause.

In so doing, we express no opinion upon the applicability of the Act to the proposed condemnation proceedings.

Temporary injunction dissolved and cause dismissed.

STEPHENSON, Justice (dissenting).

I respectfully dissent. I agree with the statement in the majority opinion that the narrow question before this court is to determine whether the county court at law had jurisdiction to hear and determine the questions presented to it at the time it entered the order complained of. I am of the opinion that it did have jurisdiction.

To state my position as simply as possible, this is an action under Article 2524–1, Vernon's Ann.Civ.St., the Uniform Declaratory Judgment Act, to have the court construe a new statute, Article 3266b. It is agreed that the interpretation of a statute is one of the many questions that may be raised in an action brought under Article 2524–1.

Section 1 of Article 2524–1 provides in part: "Courts of record within their *respective jurisdictions* shall have power . . . . " (emphasis supplied)

Article 3266a, Section 1, now gives the district courts and the county courts at law concurrent jurisdiction in eminent domain cases. However, Section 3 provides that if a county has a county court at law, the petition for eminent domain shall be filed in the county court at law except where otherwise specifically provided by law.

Apparently this is a question of first impression in this state and I feel that it is logical to conclude that it is within the "respective jurisdictions" of the county court at law to construe an eminent domain statute. See Hilley v. Hilley, 305 S.W.2d 204 (Tex.Civ.App., Waco, 1957, error ref. n. r. e.), and Mason & Mason v. Brown, 182 S.W.2d 729 (Tex.Civ.App., Dallas, 1944, error ref. w. o. m.).

If the county court at law had jurisdiction of the declaratory judgment suit as stated in the majority opinion, it had authority to issue a writ of injunction to enforce its jurisdiction. Article 5, Section 16 of the Constitution. Article 1957, V.A.C.S.

I would not dismiss the suit.