

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

April 13, 2005

The Honorable Kent Grusendorf
Chair, House Committee on Public Education
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0316

Re: Post-hearing procedure in cases involving nonconsent tows (RQ-0278-GA)

The Honorable Mike Krusee
Chair, House Committee on Transportation
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Dear Representatives Grusendorf and Krusee:

Together you inquire about post-hearing procedure in nonconsent tow hearings conducted under chapter 685 of the Texas Transportation Code.[1] You inform us that in three separate nonconsent tow hearings in the City of Arlington Municipal Court, a municipal court of record, the judge serving as a magistrate determined that there was no probable cause for challenged nonconsent tows. *See* Request Letter, *supra* note 1, at 2. After the hearings, attorneys for the tow companies and apartment complexes, as the parties who initiated the nonconsent tows, submitted various documents (motion for rehearing, motion for new trial, and notice of appeal) seeking to reverse the decisions of the court. *See id.* At the same time, the parties whose vehicles had been towed sought reimbursement for their costs or return of their vehicles. *See id.* You state that it "is unclear under the law how the court can proceed in these matters," *id.*, and ask

> [i]s the decision final, after a hearing in a municipal court under [section] 685.003 of the Texas Transportation Code, if the hearing results in a finding of no probable cause for the nonconsent tow? If not, what is the post-hearing procedure?

*Id.* at 1.

---

[1]Letter from Honorable Kent Grusendorf and Honorable Mike Krusee, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Sept. 24, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

## I.    **Nonconsent Tow Hearings**

Pursuant to chapter 685, a person whose vehicle has been towed without consent is entitled to a hearing on whether probable cause existed for the removal of the vehicle. *See* TEX. TRANSP. CODE ANN. § 685.003 (Vernon 1999). The primary issue at a hearing conducted under chapter 685 is whether probable cause existed for the removal and placement of the vehicle. *See id.* § 685.009(c)(1) (Vernon Supp. 2004-05). If the court conducting the hearing finds there was probable cause for the authorization of the removal and storage of the vehicle, the "person who requested the hearing shall pay the costs of the removal and storage." *Id.* § 685.002(a) (Vernon 1999). On the other hand, if the court finds no probable cause for the removal and storage of the vehicle, the "person or law enforcement agency that authorized the removal shall" pay the costs of removal and storage or reimburse the owner or operator for removal and storage costs already paid by the owner or operator. *Id.* § 685.002(b). Jurisdiction to conduct these probable cause tow hearings is given to the justice of the peace or magistrate in the jurisdiction from which the vehicle was removed.[2] *See id.* § 685.004(a) (Vernon Supp. 2004-05). Your inquiry pertains specifically to tow hearings that are conducted before a magistrate[3] of a municipal court. *See* Request Letter, *supra* note 1, at 1.

## II.    **Municipal Courts**

Municipal courts are statutory courts created pursuant to the legislature's constitutional authority to create "such other courts" as necessary. *See* TEX. CONST. art. V, § 1 (vesting judicial power in "one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law"); *see also* Tex. Att'y Gen. Op. No. DM-427 (1996) at 2. There are two kinds of municipal courts in Texas: municipal courts and municipal courts of record.[4] *See* TEX. GOV'T CODE ANN. §§ 29.002 (Vernon 2004) (creating a municipal court in each municipality), 30.00003(a) (permitting the governing body of certain municipalities to create a

---

[2]In municipalities with a population of 1.9 million or more, the hearing is to be conducted by the judge of "a municipal court in whose jurisdiction is the location from which the vehicle was removed." TEX. TRANSP. CODE ANN. § 685.004(b) (Vernon Supp. 2004-05).

[3]Among other officers, justices of the peace, mayors and judges of municipal courts are magistrates. *See* TEX. CODE CRIM. PROC. ANN. art. 2.09 (Vernon Supp. 2004-05).

[4]As one court explained:

> Prior to September 1, 1999, each municipality authorized to have a municipal court of record had its independent subchapter of chapter 30 of the [G]overnment [C]ode, which authorized the governing body of the municipality to create a municipal court of record and established certain provisions for the court. With the legislation effective September 1, 1999, subchapter A authorizes all municipalities listed in chapter 30 to create municipal courts of record and sets out provisions governing all the municipal courts of record. Each municipality then has a separate subchapter containing provisions specific to that municipality.

*Martin v. State*, 13 S.W.3d 133, 136 n.1 (Tex. App.–Dallas 2000, no pet.) (citations omitted).

municipal court of record); *see also id.* §§ 30.00851-.00856 (pertaining to a municipal court of record for the City of Arlington); *cf. id.* § 30.00003(e) (stating a municipal court of record of a municipality may not exist concurrently with a municipal court of the same municipality).

Because the constitution does not specifically provide for them, or for their jurisdiction, municipal courts and municipal courts of record derive their jurisdiction from statute. *See id.* §§ 29.003 (municipal courts), 30.00005 (municipal courts of record); TEX. CODE CRIM. PROC. ANN. art. 4.14 (Vernon Supp. 2004-05) (municipal courts and municipal courts of record). As statutory courts, municipal courts and municipal courts of record have only limited jurisdiction that cannot exceed the jurisdiction expressly conferred by the legislature. *See* Tex. Att'y Gen. Op. No. DM-427 (1996) at 2 (municipal courts "have no jurisdiction other than that which the legislature prescribes"); *see also* Tex. Att'y Gen. Op. No. JC-0216 (2000) at 2 (stating a municipal court is one of limited jurisdiction). Jurisdiction for municipal courts and municipal courts of record is found in the Government Code and the Code of Criminal Procedure. Both statutes grant "exclusive original jurisdiction" to municipal courts, including municipal courts of record, over all criminal cases arising under city ordinances that are punishable by fine.[5] TEX. GOV'T CODE ANN. § 29.003(a) (Vernon 2004); TEX. CODE CRIM. PROC. ANN. art. 4.14(a) (Vernon Supp. 2004-05). In addition to this criminal jurisdiction, municipal courts and municipal courts of record have "concurrent jurisdiction with the justice court of a precinct in which the municipality is located" over certain[6] state law violations. TEX. GOV'T CODE ANN. § 29.003(b) (Vernon 2004); TEX. CODE CRIM. PROC. ANN. art. 4.14(b) (Vernon Supp. 2004-05). Municipal courts of record, in addition to the jurisdiction of municipal courts, *see* TEX. GOV'T CODE ANN. § 30.00005(a) (Vernon 2004), have other jurisdiction as provided by the Government Code. *See id.* § 30.00005(b)-(d); *cf. Prince v. Garrison*, 248 S.W.2d 241, 243 (Tex. Civ. App.–Eastland 1952, no writ) (the legislature fixes the jurisdiction of corporation [municipal] courts by statute).

## III.    Appeal from Municipal Court

The Government Code and the Code of Criminal Procedure provide a limited right to appeal from municipal courts and municipal courts of record. The Code of Criminal Procedure gives a defendant in any criminal action the right to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979 & Supp. 2004-05). Appeal from a municipal court, other than a municipal court of record, is a *de novo* trial in the county court. *See id.* arts. 44.17, 45.042(b) (Vernon Supp. 2004-05).

---

[5]Permissible fines are not to exceed:

> (A) $2,000 in all cases arising under municipal ordinances or resolutions, rules, or orders of a joint board that govern fire safety, zoning, or public health and sanitation, including dumping of refuse; or

> (B) $500 in all other cases arising under a municipal ordinance or a resolution, rule, or order of a joint board.

TEX. GOV'T CODE ANN. § 29.003(a)(1) (Vernon 2004).

[6]State law violations must arise within the territorial limits of the municipality and must be punishable by fine only. *See id.* § 29.003(b)(1)-(2).

The Government Code provides a defendant a right of appeal "from a judgment or conviction in a municipal court of record." TEX. GOV'T CODE ANN. § 30.00014(a) (Vernon 2004). Appeal from a municipal court of record is to the county criminal courts or county criminal courts of appeal, *see id.*, and is not conducted as a *de novo* trial but as an appeal based on error reflected in the record. *See* TEX. CODE CRIM. PROC. ANN. arts. 44.17, 45.042(b) (Vernon Supp. 2004-05), TEX. GOV'T CODE ANN. § 30.00014(b) (Vernon 2004).

### A.    Necessity of Criminal Case

It has been said that matters appealed from municipal courts must involve a criminal case. *See City of Lubbock v. Green*, 312 S.W.2d 279, 282 (Tex. Civ. App.–Amarillo 1958, no writ) (stating an appeal from municipal court "would lie only if the proceedings constituted a criminal case."); *see also* 23 DAVID BROOKS, TEXAS PRACTICE: MUNICIPAL LAW AND PRACTICE § 15.19 (1999). The holding in the *Green* case, that there was no appeal from a municipal court where the matter was not a criminal case, was premised on the fact that municipal courts had no civil jurisdiction. *See Green*, 312 S.W.2d at 282 ("Since [the statute] limits the jurisdiction of corporation courts to criminal cases . . . ."). The statutes now provide municipal courts of record with limited civil jurisdiction. *See* TEX. GOV'T CODE ANN. § 30.00005(d) (Vernon 2004) (providing that governing body of municipality may provide that municipal court of record may have specified civil jurisdiction). The Code of Criminal Procedure still contemplates that appeals from municipal courts will involve solely criminal matters. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979 & Supp. 2004-05). Likewise, the Government Code does not appear to specifically provide for an appeal of a purely civil matter within a municipal court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 30.00014(a) (Vernon 2004). However, we do not address whether there is a general right of appeal of civil matters within a municipal court's jurisdiction. Because of the unique nature of a chapter 685 nonconsent tow hearing, we do not think the Code of Criminal Procedure and Government Code provisions supply the answer to your question.

### B.    Nonconsent Tow Hearing Is Neither a Criminal Nor Civil Matter

Chapter 685 tow hearings are clearly not criminal matters. Nonconsent tow hearings contemplated by chapter 685 are not designed to secure a conviction and punishment for a crime. *See Timmons v. Pecorino*, 977 S.W.2d 603, 604 (Tex. Crim. App. 1998). The hearings are not initiated by complaint, but rather by written request from the person whose vehicle has been towed. *See* TEX. TRANSP. CODE ANN. § 685.007(a) (Vernon 1999). The party against whom the hearing is sought is not a criminal defendant but "the person or law enforcement agency that authorized the removal of the vehicle." *Id.* § 685.009(b). Moreover, a chapter 685 hearing involves no crime or criminal punishment but only an award of specified costs based on the findings of fact and conclusion of law made by the court. *See id.* §§ 685.002(b), .009(d). A chapter 685 hearing does not result in a conviction from which an appeal will lie. *See Hardin v. State*, 248 S.W.2d 487, 487 (Tex. Crim. App. 1952) ("The accused has not . . . been found guilty of anything, and no punishment has been assessed; therefore, this is not a criminal case . . . .").

Nor do the provisions for a chapter 685 nonconsent tow hearing suggest a civil adjudication in the traditional sense. A chapter 685 hearing commences with a request, *see* TEX. TRANSP. CODE

ANN. § 685.007(a) (Vernon 1999), instead of a petition or complaint as is expected in a civil case. The parties involved in the hearing are not a plaintiff and defendant, but the person who authorized the tow and the owner or operator of the vehicle that was towed. *See id.* §§ 685.002(a), .003, .009(b). The chapter authorizes a magistrate to make findings of fact and a conclusion of law, *see id.* § 685.009(d), but not to issue a final judgment. Instead, it merely states who "shall pay" certain costs. *See id.* § 685.002. Appeals do not lie from findings of fact and conclusions of law but from final judgments. *See N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966).

### C.    Similar Statutory Hearing Procedures

A chapter 685 nonconsent tow hearing is a kind of statutory proceeding that is uncommon. Texas statutes provide a few other examples of isolated grants of authority to municipal courts to conduct hearings for a particular purpose. Chapter 822 of the Texas Health and Safety Code creates a hearing process to determine whether a dog is dangerous. *See* TEX. HEALTH & SAFETY CODE ANN. § 822.0423 (Vernon 2003). The hearing is authorized to occur in a justice court, county court, or municipal court. *See id.* § 822.042(c). In such a hearing, the court is directed to determine whether the dog is a dangerous dog as defined by the statute or whether the owner of the dog has complied with certain requirements under the chapter. *See id.* § 822.0423(a); *see also Pecorino*, 977 S.W.2d at 604 (a hearing under Health and Safety Code chapter 822 is not criminal because the dog owner is not charged with or convicted of a criminal offense). The statute expressly provides for an appeal of the court's determination. *See id.* § 822.0423(d) ("An owner or person filing the action may appeal the decision of the municipal court, justice court, or county court in the manner provided for the appeal of cases from the municipal, justice, or county court."). Similarly, hearings conducted to determine the disposition of property alleged to have been stolen are authorized to be conducted before, among others, a "municipal judge having jurisdiction as a magistrate in the municipality." TEX. CODE CRIM. PROC. ANN. art. § 47.01a(a) (Vernon Supp. 2004-05). The hearing is conducted to determine the superior right to possession of the property. *See id.* The statute expressly provides for an appeal from the hearing. *See id.* § 47.12(b) ("Appeals from a hearing in a municipal court or justice court . . . shall be heard by a county court or statutory county court."). The statute further prescribes the applicable rules of procedure that govern the appeal. *See id.* Both of these hearing procedures are similar to a chapter 685 nonconsent tow hearing in that they contemplate a hearing before a magistrate. However, of these statutory hearings, chapter 685 is the only hearing in which the statute does not provide for an appeal.

### D.    Legislature Has Not Provided for Appeal

Municipal court jurisdiction over a chapter 685 nonconsent tow hearing comes not from the general statutes governing municipal courts and municipal courts of record but from the Transportation Code. The specific grant of jurisdiction to conduct a nonconsent tow hearing is limited. *See* TEX. TRANSP. CODE ANN. §§ 685.004(a) (Vernon Supp. 2004-05) (the hearing is limited to a justice of the peace or magistrate in specified territory), 685.009(c) (the hearing is limited to deciding issues specified in the statute). Chapter 685 does not contain a provision authorizing an appeal from the magistrate's determination. We think the few examples of similar statutory hearings, *see* discussion *supra*, clearly indicate that when the legislature creates a statutory

hearing and wishes to grant a right of appeal, it knows how to do so.[7] *See* Tex. Att'y Gen. Op. No. GA-0271 (2004) at 2 (stating that when "it wishes to require immunizations for specific categories of persons, the legislature knows how to do so"), Tex. Att'y Gen. Op. No. GA-0144 (2004) at 5 (stating that when "legislature intends to confer on a licensing board [certain] authority . . . , it knows how to do so"); *see also Thorne v. Moore*, 105 S.W. 985, 987 (1907) ("The Constitution leaves the regulation of appeals very largely to the Legislature."), *Equitable Life Assur. Soc'y v. Murdock*, 219 S.W.2d 159, 164 (Tex. Civ. App.–El Paso 1949, writ ref'd n.r.e.) (stating the right of appeal "is a privilege only and does not exist as a matter of right"). The Texas Constitution provides that appellate jurisdiction is subject to regulations as may be prescribed by law. *See* TEX. CONST. art. V, § 5. Thus, appeals are within the control of the legislature and are dependent on statute. *See Thorne*, 105 S.W. at 987; *Murdock*, 219 S.W.2d at 164. Because the legislature did not expressly provide for an appeal of a magistrate's determination in a statutory nonconsent tow hearing, we conclude that the magistrate's determination is final and that no appeal exists.

### E.    No Inherent Right to Appeal

We received briefing that argues where a vested property right is involved there is an inherent right of appeal that overrides any legislative restrictions on appeals.[8] The cases cited in support of this proposition are distinguishable on the basis that they involve challenges to adverse rulings of state administrative agencies. *See* Pierson Behr Brief, *supra* note 8, at 2 (citing *City of Amarillo v. Hancock*, 239 S.W.2d 788, 790 (Tex. 1951) (Civil Service Commission); *Tex. Optometry Bd. v. Lee Vision Ctr., Inc.*, 515 S.W.2d 380, 382 (Tex. Civ. App.–Eastland 1974, writ ref'd n.r.e.) (Texas Optometry Board); *Martine v. Bd. of Regents, State Senior Colls. of Tex.*, 578 S.W.2d 465, 472 (Tex. Civ. App.–1979, no writ) (Board of Regents, State Senior Colleges of Texas)). It is well established in administrative law jurisprudence that "courts should recognize an inherent right of appeal from an administrative body created by an act silent on the question of appeal only where the administrative action complained of violates a constitutional provision." *Hancock*, 239 S.W.2d at 790; *see also Brazosport Savs. & Loan Ass'n v. Am. Savs. & Loan Ass'n*, 342 S.W.2d 747, 750-51 (Tex. 1961), *Bd. of Ins. Comm'rs v. Title Ins. Ass'n of Tex.*, 272 S.W.2d 95, 97-98 (Tex. 1954). We have found no judicial authority for the application of this rule outside the administrative law context.[9] Accordingly, the cited cases are inapplicable to the action being challenged here – this is an action of a court and not of an administrative agency.

---

[7]*See also* TEX. TRANSP. CODE ANN. §§ 471.001-.008 (Vernon 1999 & Supp. 2004-05) (chapter 471, Transportation Code, creating the right to a hearing regarding the blocking of a railroad crossing but providing no mechanism for appeal).

[8]*See* Brief from Grey Pierson, Pierson Behr Attorneys, to Honorable Greg Abbott, Texas Attorney General (Nov. 10, 2004) (on file with Opinion Committee) [hereinafter Pierson Behr Brief].

[9]Of course, we recognize that where a party has been deprived of property without due process, the party may have a separate cause of action under the Due Process Clause of either the state or federal constitution. *See Boddie v. Conn.*, 401 U.S. 371, 378-79 (1971). We received no briefing on this issue and the question does not inquire about such a cause of action, so we do not consider it in this opinion. We do point out, however, that a party given an opportunity to participate in a chapter 685 nonconsent tow hearing is likely afforded sufficient due process.

A nonconsent tow hearing conducted before a magistrate of a municipal court or municipal court of record pursuant to chapter 685, Texas Transportation Code, results in a final probable cause determination from which there is no appeal. Because we have concluded the magistrate's determination is final, we do not address the second part of your inquiry about post-hearing procedure.

## S U M M A R Y

Where a nonconsent tow hearing authorized by chapter 685 of the Texas Transportation Code is conducted before a magistrate of a municipal court or municipal court of record, the magistrate's determination is final, and there is no appeal.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee