CITY OF SAN ANTONIO et al., Appellants,

v.

The CONGREGATION OF the SISTERS OF
CHARITY OF the INCARNATE
WORD, INC., Appellee.

No. 3994.

Court of Civil Appeals of Texas.

Eastland.

March 4, 1966.

**334**

Sam S. Wolf, Crawford B. Reeder, San Antonio, Waggoner Carr, Atty. Gen., Austin, for appellants.

Pat Maloney, San Antonio, Trueman O'Quinn, Austin, for appellee.

COLLINGS, Justice.

This is an appeal from a temporary injunction enjoining the State of Texas, the State Highway Department, the State Highway Commissioners, and the City of San Antonio from taking action of any kind that might be construed as being the inception of an attempt by any of the defendants to exercise the power of eminent domain over designated land belonging to appellee in San Antonio for highway purposes. The case is a sequel to the case of City of San Antonio et al. v. Congregation of the Sisters of Charity of the Incarnate Word et al., 360 S.W.2d 580, (ref. n.r.e.), certificate denied 372 U.S. 967, 83 S.Ct. 1093, 10 L.Ed.2d 131.

Appellants urge points contending that the court erred in enjoining them (1) from taking any action in furtherance of the construction of a proposed northbound expressway across appellee's lands in San Antonio, (2) from instituting any action designed to ultimately condemn appellee's lands under the powers of eminent domain and (3) from taking any steps preliminary to the institution of an action or proceeding in eminent domain.

Appellee urges that the court properly granted the order temporarily enjoining the proposed condemnation proceedings, which appellee contends would be void; that the condemnation proceedings would be governed by Articles 3264 through 3271, Vernon's Ann.Rev.Civ.St.; that Article 3265, which provides the manner in which the Commissioners shall determine the value of the condemnee's property, is unconstitutional as applied to appellee because it does not allow for the special damages which will necessarily be sustained by appellee if its campus, church, convent and grounds are taken. Appellee urges Lone Star Gas Company v. City of Fort Worth, 128 Tex. 392, 98 S.W.2d 799, (Com., opinion approved by Sup. Ct.), and State v. Waco Independent School District, Tex.Civ.App., 364 S.W.2d 263, (ref. n.r.e. ), in support of its contention that the court properly granted a temporary injunction based upon the proposed condemnation proceedings.

It is well settled that the power of eminent domain is an inherent attribute of sovereignty and exists independently of the Constitution. It is held that the State in the exercise of its sovereign authority can take, damage or destroy property for public use subject to the right of the owner to recover adequate compensation. Texas Highway Department v. Weber, 147 Tex. 628, 219 S.W.2d 70, Vernon's Ann.St.Const. Art. 1, § 17. It is further held, however, that an attempt or threatened attempt to take private property for public use may be restrained by injunction when the proceeding is for any reason void. Lone Star Gas Company v. City of Fort Worth, 128 Tex. 392, 98 S.W.2d 799.

This inherent power of eminent domain resting in the State as limited by the Constitution has been delegated by Legislative action to various subdivisions of the State. The delegation of such authority to the Highway Department was through Art. 6674w, V.A.C.S. and the delegation to the City of San Antonio, a home rule city, was through Article 1175, § 15. Article 3264, 3265, and 3266 set out the procedure to be followed in condemnation cases by the State

and its political subdivisions which have been delegated the power of eminent domain.

Appellee contends in its pleadings and on appeal that the statutes upon which appellants rely in their attempt to take appellee's property under the power of eminent domain are void as applied to appellee. Appellee contends that Article 3265 is unconstitutional in that it does not provide just compensation for the special damages which appellee will necessarily sustain, if appellants are permitted to exercise the power of eminent domain in taking land belonging to appellee for highway purposes.

In our opinion Article 3265 is not unconstitutional because of the alleged failure to provide just compensation for any special damages which might be suffered by appellee and the condemnation proceedings contemplated by appellants are not void. Appellee contends that Article 3265 as interpreted by the Waco Court of Civil Appeals in State v. Waco Independent School District, supra, provides only for the replacement value theory in public schools and not in private schools, and that the statute is therefore unconstitutional as applied to private schools, such as that operated by appellee. Appellee's contention in this respect is stated in its pleadings as follows:

"The Court of Civil Appeals sitting at Waco, Texas, in the case of State v. Waco Independent School District, 364 SW2d 263 (writ refused, n. r. e.), has determined that the proper measure of damages when a school is condemned is ' * * * what is reasonably necessary to restore the remaining * * * land and facilities to the same or reasonably equal utility for high school purposes as that to which the (land) and facilities were reasonably utilized immediately prior to the taking in question.' However, the said Court of Civil Appeals limited its decision to Public Schools only. Therefore, such interpretation of the statutes

in question excludes private schools, and is arbitrary and violative of the due process and equal protection clauses of the U. S. Constitution, Amend. XIV. The statutes in question, therefore, do not apply equally to public and privately owned schools. The distinction is based solely upon ownership and denies to private schools the rights which are accorded to public schools under the same circumstances. In that particular, they are unconstitutional as denying to private schools, in general, and this Plaintiff in particular, the equal protection of the laws."

The Waco Independent School District case was a proceeding brought by the State against the Independent School District to condemn part of the high school campus, including buildings, for highway purposes. The evidence indicated that the school district in order to continue normal operation was of necessity required to replace the buildings that the State had destroyed by taking. Such buildings and classrooms were necessary to provide facilities needed by the school. There was no way to do this and at the same time utilize the valuable improvements remaining on the 18.35 acres not taken, except by replacement. The County Court at Law of McLennon County entered judgment for the school district for the sum of $850,000.-00. Upon an appeal by the State, the judgment was affirmed. It was held by the Court of Civil Appeals in an opinion by Associate Justice Tirey that the proper measure of damages for the taking of part of the high school campus and buildings for highway purposes was the amount reasonably necessary to restore the remaining land and facilities to the same, or reasonably equal utility for high school purposes to that which the taken and remaining land and facilities had immediately prior to the taking. The decision was limited in its application to a public school because a public school only was involved.

In our opinion the Waco Independent School District case does not support appellee's contention, but, on the contrary, is authority for appellants' contention that the trial court erred in granting the temporary injunction. In the Waco case the power of eminent domain exercised by the State was upheld and Art. 3265 was not interpreted in such a way as to render it unconstitutional even though special damages were shown. The Court of Civil Appeals simply held that the trial court did not err in holding as a matter of law that the property of the school district, as such, did not have a market value, and that the ordinarily accepted form of submission of damage issues in such cases would not adequately compensate the school district for the damages suffered. The appellate court then approved the manner of submission of the damage issue by the court and held that the evidence supported the finding of the jury in answer thereto.

Article 3265 does prescribe "market value" as the test of adequate compensation in condemnation proceedings. The provision of the statute is that when the whole of a tract is condemned the only damage shall be the market value of the tract. When only a part of a tract is condemned the commissioners shall estimate the injuries and benefits therefrom and determine the net result, assessing the damages accordingly. In State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, it is stated that "the provisions of article 3265 are intended primarily for the guidance of commissioners, who are not under the supervision of a court, and are not intended to furnish a method of trying a condemnation case before a court and jury."

In the instant case only a portion of appellee's land was taken and there is no showing that any building or structure was injured or destroyed. The general rule in determining damages or in arriving at just compensation where only part of a tract is condemned, as set out in State v.

Carpenter, supra, is that the jury should consider the fair market value of the part taken, considered as a separate tract, and damages occasioned to the remainder of the land by reason of taking and destruction of improvements thereon. However, it is well recognized that even though only a portion of a condemnee's land is taken, if the land as a whole was being devoted to a unity of use, then such land should be considered as an entity for purpose of estimation of damages to the remaining land. See State v. South Main Baptist Church, Tex.Civ.App., 361 S.W.2d 898; Calvert v. City of Denton, Tex.Civ.App., 375 S.W.2d 522. These cases obviously contemplate instances where the landowner will suffer damages for which the application of the general rule will not ordinarily furnish adequate compensation. On motion for rehearing in the Carpenter case, (89 S.W.2d 979), the Commission of Appeals recognized that the general rule for determining damages where only a part of a tract is condemned would not be adequate in all cases. The court held and stated as follows on page 980 of the opinion:

"It is a general rule that improvements situated upon the portion of land taken are to be considered as a part of the realty. They ordinarily have no market value separate from the land. Therefore, when such improvements are taken or destroyed their value can be reflected in the finding as to the value of the land taken, and evidence of their value is admissible for that purpose. As an alternative, however, if the improvements which are situated upon the portion of land taken are essential to the use and enjoyment of the remainder of the land, or if their replacement, by removal or reconstruction, is necessary in order to obviate depreciation in the value of the residue, the cost of removal, and/or reconstruction and/or replacement may be a proper inquiry in connection with the issue of diminished market value of the remainder."

Assuming, without deciding, that the record shows, or that upon a hearing of the matter in the District Court as provided by the condemnation statutes it will be shown that the proposed taking of a portion of appellee's land will result in special damages to its remaining land and that adequate compensation cannot be furnished under "the market value" rule, still appellee was not entitled to the injunctive relief granted.

In the Waco Independent School District case, there were special damages for which the "market value" rule would not provide adequate damages. Under State and Federal Constitutions a land owner whose land or a portion thereof is taken is entitled to adequate compensation. The Waco Court of Civil Appeals observed and complied with such constitutional requirement. That court also obviously and necessarily construed the provisions of Article 3265 in such a way that it would not be in conflict with the constitutional requirements in special damage cases. The Waco School case involved condemnation of land belonging to a public school, not condemnation of private property. The Court of Civil Appeals mentioned this fact in its opinion, and noted that a private owner owes no duty to the public to continue its operation at its original location or elsewhere, but that a public school does have such an obligation as a matter of law and has no other choice. This distinction might in some cases affect the amount of special damages suffered but it would not affect the right of the land owner to be compensated therefor.

We do not believe that it was the holding in the Waco case, even by implication, that the owner of a private school whose land is condemned is, under the provisions of Article 3265, limited to a recovery under the market value test if the evidence shows that such test will not adequately compensate the owner for special damages suffered. In our opinion, a private school, such as appellee, the same as a public school, is not by reason of Art. 3265 denied the right to adequate compensation. The statute is therefore not void as contended by appellee. The proper measure of damages for taking part of the land of a private school, where special damages are suffered, is the same as it is in like cases where the land of a public school is taken. We believe this to be consistent with the reasoning in the Waco case and the Carpenter case. The court erred in granting the temporary injunction. Appellants' points complaining of the granting of such temporary injunction are well taken and are sustained. The injunction should be and is hereby dissolved.

The judgment is reversed and judgment is rendered for appellants.