Joe H. TONAHILL, Petitioner,

v.

GULF STATES UTILITIES COMPANY, Respondent.

No. B–1791.

Supreme Court of Texas.

Oct. 30, 1969.

Monte D. Lawlis, Jasper, Bill A. Martin, Newton, for petitioner.

Orgain, Bell & Tucker, Howell Cobb, Beaumont, for respondent.

## ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

Gulf States Utilities Company, respondent, instituted a condemnation proceeding to acquire a right-of-way for the construc-

tion of an electric transmission line across property owned by Joe H. Tonahill, petitioner. Special commissioners were appointed and qualified, and the parties were notified of the time and place of the commissioners' hearing. Petitioner then brought the present suit in district court to obtain temporary and permanent injunctions restraining respondent, the County Judge and the special commissioners from hearing or determining any issue in the eminent domain proceedings.

The district court granted a temporary injunction as prayed, but the Court of Civil Appeals dissolved the injunction and ordered the case dismissed. 445 S.W.2d 593. Petitioner has filed his application for writ of error seeking to have the temporary injunction reinstated. He has also filed a motion for ancillary relief, praying that the Supreme Court, to preserve its jurisdiction and his right of appeal, enjoin respondent and the special commissioners from conducting a hearing now set for October 31, 1969.

▪▪ Petitioner contends that the petition in condemnation does not contain a legally sufficient description of the property. Since this is so, he says, the County Judge had no power to appoint special commissioners and the entire condemnation proceeding is void. This and other questions raised by petitioner may and should be considered and decided by the county court in an appeal from the award of the commissioners. The petition in condemnation purports to describe the right-of-way. If respondent attempts to amend for the purpose of correcting any deficiencies or errors in the description, the county court is the proper tribunal to determine, in the first instance, whether the description is subject to amendment in that respect.

▪ The right of appeal affords petitioner an adequate remedy for anything that may occur in the condemnation proceedings up to and including the award of the special commissioners. There was no occasion then for the district court to en-

join the proceedings, and the temporary injunction was properly dissolved by the Court of Civil Appeals. Petitioner's motion to advance is granted. The application for writ of error is refused, no reversible error, and the motion for ancillary injunctive relief is overruled. We do not reach any of the questions discussed by the Court of Civil Appeals in its opinion, and our action in this case is without prejudice to petitioner's right to seek relief in the district court in the event of an attempt to enter upon or damage his land under the colorable authority of a void condemnation proceeding.