**Ruskin C. NORMAN et al., Appellants,**

v.

**CITY OF SAN ANTONIO, Acting By and Through the CITY PUBLIC SERVICE BOARD OF SAN ANTONIO, Appellee.**

No. 14996.

Court of Civil Appeals of Texas, San Antonio.

May 12, 1971.

W. Pat Camp, Robert C. Patterson, Tom Joseph, William D. Engle, Jr., San Antonio, for appellants.

Craig L. Austin, Matthews, Nowlin, Macfarlane & Barrett, San Antonio, for appellee.

BARROW, Chief Justice.

Appellants, Ruskin C. Norman, Joe Tudck, Jr., and Annie Heinemeyer,[1] brought this injunction suit in the District Court of Bexar County on March 22, 1971, seeking to enjoin the City of San Antonio, acting by and through the City Public Service Board, from proceeding with its action to condemn certain lands in Guadalupe County belonging to appellants for its electric transmission lines. At the hearing for temporary injunction on March 26, 1971, the trial court sustained appellee's motion to dismiss for want of jurisdiction.

Appellants forthwith perfected this appeal; and on March 29, 1971, this Court denied appellants' motion to enjoin appellee, pending the appeal, from participating in the hearing before the Special Commissioners, which was set for March 30, 1971, regarding condemnation of appellant Norman's land. We have now been advised that this hearing was held at such time; that immediately following the setting of the award by the Special Commissioners, such award was deposited; and that by 11:15 a. m. on March 30, 1971, appellee's crew had taken partial possession of such property.

The narrow question before us at this time is whether the trial court properly

1. This party intervened and adopted plaintiffs' petition.

dismissed for want of jurisdiction appellants' petition seeking to enjoin such pending condemnation proceedings. The Supreme Court has recently considered such question in Tonahill v. Gulf States Utilities Co., 446 S.W.2d 301 (Tex.1969). It was there contended, as urged here by appellants, that the entire condemnation proceeding was void. Nevertheless, the Supreme Court determined that there was no occasion for the district court to enjoin the hearing by the special commissioners and held that the temporary injunction was properly dissolved by the Court of Civil Appeals. It said: "The right of appeal affords petitioner an adequate remedy for anything that may occur in the condemnation proceedings *up to* and *including* the *award of the special commissioners.*" [Emphasis ours.] The Court stated, however, that such action "is without prejudice to petitioner's right to seek relief in the district court in the event of an attempt to enter upon or damage his land under the colorable authority of a void condemnation proceeding." See also: Trinity River Authority v. Southland Paper Mills, Inc., 448 S.W.2d 516 (Tex.Civ.App.—Beaumont 1970, no writ).

In Lone Star Gas Company v. City of Ft. Worth, 128 Tex. 392, 98 S.W.2d 799 (1937), the Court recognized and followed the universal rule that an attempt, or threatened attempt, to take private property for public use by virtue of eminent domain may be restrained by injunction when the proceeding is for any reason void. The Court accordingly reversed the lower court's rulings to the effect that the county court alone had jurisdiction to decide whether the eminent domain action could be maintained, and the cause was remanded to the district court for trial on the merits. See also: City of San Antonio v. Congregation of Sisters of Charity of Incarnate Word, Inc., 404 S.W.2d 333 (Tex.Civ.App.—Eastland 1966, no writ).

Appellee concedes that *Lone Star* holds that the district court has jurisdiction to grant an injunction to restrain an eminent domain proceeding which is void for any reason. It urges, however, that such rule was overruled by *Tonahill.* It is seen that *Tonahill* does not mention *Lone Star,* much less hold that the district court lacks jurisdiction. To the contrary, the Court in *Tonahill* expressly recognized the jurisdiction of the district court "in the event of an attempt to enter upon or damage his [petitioner's] land under the colorable authority of a void condemnation proceeding." Thus, the holding in *Tonahill* is more accurately limited to the rule that the district court should not enjoin the proceedings which occur up to and including the award of the special commissioners.

We, therefore, conclude that the trial court erred in dismissing appellants' petition for want of jurisdiction. The award of the Special Commissioners and the deposit of such sum should not operate to deprive appellants of their day in court to seek relief from any attempt to enter upon or damage their land under the colorable authority of a void condemnation proceeding.

The judgment of the trial court is reversed, and the cause remanded.