**BOARD OF REGENTS OF the UNIVERSITY OF TEXAS SYSTEM, Appellant,**

v.

**COMANCHE APARTMENTS, INCORPORATED, et al., Appellees.**

**No. 12760.**

Court of Civil Appeals of Texas, Austin.

June 21, 1978.

Rehearing Denied July 26, 1978.

John L. Hill, Atty. Gen., Watson C. Arnold, Asst. Atty. Gen., Austin, for appellant.

James R. Meyers, Robinson, Felts, Meyers, Starnes & Latting, David W. Hilgers, Hilgers, Watkins, Ledbetter & Hays, Austin, for Comanche Apartments.

R. Clarke Heidrick, Jr., Graves, Dougherty, Hearon, Moody & Garwood, Austin, for Austin Nat. Bank.

SHANNON, Justice.

The Board of Regents of the University of Texas System appeals from entry of a temporary injunction by the district court of Travis County. The order enjoined the Regents from pursuing two condemnation proceedings filed in the county court at law of Travis County.

The Regents filed two petitions in condemnation in the county court at law seeking condemnation of two parcels of land in Austin located near the University of Texas campus. Title to one tract is held by appellee Comanche Apartments, Incorporated, and title to the other tract is held by appellee Austin National Bank as trustee. The Commissioners were appointed, the hearing date was set, and the parties were notified. Before the hearings of the Commissioners could be held, the district court, upon application and after hearing, entered the temporary injunction.

In 1973 the Regents and the City of Austin entered into a contract in which the City agreed to vacate a portion of Red River Street. In exchange for the vacation the University agreed to acquire, at its cost and expense, an eighty-foot right-of-way and any other right-of-way which might be needed for feeder roads. The contract provided that the newly acquired right-of-way would be transferred to the City to replace the vacated portion of Red River Street.

Appellees claim the sole purpose for the condemnation proceedings was in satisfaction of the Regents' obligation under the terms of the 1973 contract, that being to provide a right-of-way for a public street within the city limits of Austin. The Regents dispute appellees' claim by referring to the testimony of their witness Stockton that "part" of the property acquired by condemnation was to be used for the newly located Red River Street. The Regents also point to their petitions in condemnation to show they did not plead that the land obtained by condemnation was to be used ultimately for street purposes.

The district court concluded in the order that the University's power to acquire any land that might be necessary to carry out its purposes did not authorize the Regents to acquire right-of-way for a public street in the City of Austin. The court concluded further that the contract between the Regents and the City obligated the Regents to acquire right-of-way for a public street in Austin which the Regents proposed to acquire from appellees by exercise of their power of eminent domain.

The Regents complain of the judgment by two points of error: (1) the district court lacked jurisdiction to enjoin the Regents

from proceeding with condemnation proceedings, and (2) the district court abused its discretion in entering the temporary injunction upon the basis that the Regents were without authority to condemn land for use as a public street.

In defense of the temporary injunction, appellees argue that the Regents' attempt to condemn land within the limits of the City of Austin for use as a public street was void and thereby subject to injunction. The Regents' effort to condemn the land was void, say appellees, because the University may not condemn property within the limits of a home rule city for use as a public street.

Upon request of this Court the parties briefed another jurisdictional problem. That problem concerns the power of the district court to enjoin a party from pursuing the party's rights in a condemnation proceeding prior to time of filing of the special commissioners' award. For purposes of this discussion only, we will assume that the subject condemnation proceedings were void.

Appellees rely on *Lone Star Gas Company v. City of Fort Worth*, 128 Tex. 392, 98 S.W.2d 799 (1936). The Court in *Lone Star Gas Company* recognized and followed the usual rule that a district court may enjoin an attempt or threatened attempt to take private property for public use by eminent domain when the condemnation proceeding is for any reason void.

The Supreme Court in *Tonahill v. Gulf States Utilities Company*, 446 S.W.2d 301 (Tex.1969), again considered the problem of jurisdiction of the district court to enjoin parties to a pending condemnation proceeding. In that case it was contended, as basis for jurisdiction of the district court to enter an injunction, that the entire condemnation proceeding was void. The Supreme Court wrote: "The right of appeal affords petitioner an adequate remedy for anything that may occur in the condemnation proceedings up to and including the award of the special commissioners. There was no occasion then for the district court to enjoin the proceedings . . . ." The Supreme

Court recognized, however, that the district court could entertain an injunction ". . . in the event of an attempt [by the condemning authority] to enter upon or damage his [petitioner's] land under the colorable authority of a void condemnation proceeding."

In *Norman v. City of San Antonio, City Pub. Serv. Bd.*, 467 S.W.2d 199 (Tex.Civ. App.1971, no writ), the San Antonio Court of Civil Appeals followed *Tonahill*. In *Norman* the landowners filed suit in district court to enjoin the City of San Antonio from proceeding with its action to condemn lands for an electric transmission line. At the hearing on the landowners' application for temporary injunction the district court dismissed the injunctive suit. The hearing before the special commissioners was conducted and thereafter the commissioners entered an award. The award was then deposited and the City's crew took partial possession of the land.

Chief Justice Barrow in *Norman* recognized the rule in *Tonahill* that the district court may not interfere by injunction with the proceedings which occur up to and include the award of the special commissioners. Justice Barrow also recognized the corollary rule in *Tonahill* that the district court has jurisdiction to enjoin the condemning authority from attempting to enter upon or damage the land in issue under the colorable authority of a void condemnation proceeding. Accordingly, the Court held that the award of the special commissioners and the deposit of that sum would not deprive the district court of jurisdiction to enjoin an attempt by the condemning authority to enter upon or damage appellant's land under the colorable authority of a void condemnation proceeding.

■■■ *Tonahill* and *Norman* are dispositive of this appeal. The district court is empowered to enjoin an attempt by the condemnor to enter upon or damage one's land under the ". . . colorable authority of a void condemnation proceeding." The district court, to the contrary, is *not* empowered to enjoin those condemnation proceedings which occur up to and including the award of the special commissioners.

452

At the time appellees obtained the temporary injunction the Regents had not entered upon or damaged appellees' land, but instead the special commissioners had never conducted a hearing. As a result, under the rules of *Tonahill* and *Norman*, the district court was not empowered to enjoin the Regents from going forward.

Judgment is here rendered vacating the temporary injunction.

Judgment Vacated.

Appellees' motions for rehearing will be overruled on July 26, 1978. Upon filing by appellees Comanche Apartments, Incorporated, and Austin National Bank, Trustee, of a supersedeas bond in the sum of $10,000, the effect of the judgment of this Court is to be superseded until final disposition of this cause by the Supreme Court of Texas. *Great Am. Mtg. Inv. v. Republic of Tex. Sav. Ass'n*, 538 S.W.2d 146 (Tex.Civ.App. 1976, no writ).