# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00296-CV

---

**The City of Dripping Springs, Texas, Appellant**

**v.**

**Lazy W Conservation District, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY
### NO. 21-0260-C, THE HONORABLE CHRIS JOHNSON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This appeal arises out of an eminent domain proceeding brought by one governmental entity, appellant the City of Dripping Springs, Texas, against another, appellee Lazy W Conservation District, over a thirty-foot-wide strip of property where the City sought to install an underground wastewater pipeline. Lazy W filed a plea to the jurisdiction, contending that the trial court lacked jurisdiction over the proceeding because Lazy W was entitled to governmental immunity and because the paramount public importance doctrine defeats any condemnation attempt by the City. The trial court granted the plea, and the City now appeals. For the following reasons, we reverse the trial court's granting of the plea to the jurisdiction and remand for further proceedings consistent with this opinion.

BACKGROUND

In 2019, Bruce Bolbock, M.D. and Barbara Wiatrek Bolbock (the "Bolbocks") owned 225 acres of land in Hays County, Texas. A City representative contacted the Bolbocks that summer about potentially installing an underground wastewater line along the western boundary of their property. Concerned about the potential negative consequences of the pipeline on the local flora and fauna, the Bolbocks contacted Lazy W, which agreed to purchase part of the property ostensibly to protect the land from condemnation.

On February 28, 2020, the Bolbocks conveyed approximately 9.0150 acres of their 225-acre property to the Lazy W for $10.00 "and other good and valuable consideration," which functionally created an approximately thirty-foot-wide strip of land owned by Lazy W (the "Lazy W Property") surrounding all the Bolbocks' remaining acreage (the "Bolbocks Property"). Moreover, the contractual documents between the Bolbocks and Lazy W also provided that the Bolbocks would still maintain, have access to, and pay ad valorem taxes assessed against the Lazy W Property.[1]

On March 15, 2021, the City filed its original petition for condemnation against Lazy W and the Bolbocks, seeking to condemn the portion of the Lazy W Property along the western boundary adjacent to, but not including, the Bolbocks Property, as well as a portion doglegging east along the southern boundary of the Lazy W Property. Special commissioners were appointed and, after a hearing, rendered their award on June 11, 2021, which determined and assessed the damages to be paid by the City at $174,453.00. Lazy W and the Bolbocks timely filed counterclaims, general denials, and objections to the special commissioners' award.

---

[1] The Lazy W Property was described at times as a "wall" or "moat" around the Bolbocks Property, and the Lazy W president later testified that the Lazy W Property was purchased to protect the entirety of the Bolbocks Property.

Lazy W then filed a plea to the jurisdiction, arguing that the trial court lacked subject matter jurisdiction because Lazy W was entitled to governmental immunity and because the City was barred from condemning the Property under the paramount public importance doctrine. The trial court held a multi-day evidentiary hearing on the plea, and then on May 2, 2022, entered an order granting the plea to the jurisdiction. The City then timely filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea that challenges the trial court's subject matter jurisdiction, regardless of the merit of the asserted claims. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). We review de novo the trial court's ruling on a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

The plaintiff carries the burden to affirmatively demonstrate the trial court's jurisdiction. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). We analyze whether the plaintiff has "alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in the plaintiff's favor, taking them as true, and looking to the plaintiff's intent. *Id.* We may also consider evidence that the parties have submitted that is relevant to the jurisdictional issues when a party challenges the existence of jurisdictional facts as opposed to challenging the sufficiency of the pleadings, and we must do so when necessary to resolve those jurisdictional issues. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). If the jurisdictional challenge implicates the merits of plaintiff's causes of action, "the party asserting the plea has the burden of negating a genuine issue of material fact as to the jurisdictional fact's existence, in a manner

similar to a traditional summary-judgment motion." *Texas Health & Human Servs. Comm'n v. Sacred Oak Med. Ctr. LLC*, No. 03-21-00136-CV, 2022 WL 2251656, at \*3 (Tex. App.—Austin June 23, 2022, no pet.) (mem. op.). In such a situation, we would review "the evidence in the light most favorable to the nonmovant to determine whether a genuine issue of material fact exists." *Id.* (citing *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019)).

## DISCUSSION

In five issues on appeal, the City argues that the district court erred in granting the plea to the jurisdiction because neither of the two grounds advanced by Lazy W—governmental immunity and the paramount public importance doctrine—defeats jurisdiction.[2] We address each in turn.

---

[2] Although not argued on appeal, Lazy W's amended plea to the jurisdiction also challenges the district court's jurisdiction based on purported deficiencies in how the special commissioners reached their award. Assuming without deciding there were errors in the administrative phase of the condemnation proceeding, Lazy W and the Bolbocks timely filed objections to the special commissioners' award with the district court. *See* Tex. Prop. Code § 21.018(a) (allowing party to appeal special commissioners' findings and providing trial court shall "try the case in the same manner as other civil causes"). The district court therefore had subject matter jurisdiction upon the filing of those timely objections. *See City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006) (per curiam) ("Upon the filing of objections, the award is vacated and the administrative proceeding converts into a judicial proceeding."); *John v. State*, 826 S.W.2d 138, 141 n.5 (Tex. 1992) (per curiam) ("Filing timely objections invokes the jurisdiction of the trial court and transforms the administrative proceeding into a pending cause."); *Port Freeport v. Jones*, No. 01-22-00198-CV, 2023 WL 2375948, at \*2 (Tex. App.—Houston [1st Dist.] Mar. 7, 2023, no pet.) (mem. op.) ("The objection invests the trial court with subject-matter jurisdiction over the case."); *see also Tonahill v. Gulf States Util. Co.*, 446 S.W.2d 301, 302 (Tex. 1969) (per curiam) ("The right of appeal affords petitioner an adequate remedy for anything that may occur in the condemnation proceedings up to and including the award of the special commissioners.").

4

*Governmental Immunity*

In its first three issues, the City raises various arguments that governmental immunity does not apply to condemnation proceedings generally or did not apply to Lazy W's actions specifically. Assuming without deciding that Lazy W is entitled to governmental immunity,[3] Lazy W is not immune from the City's condemnation suit.

As the parties now agree in their supplemental briefing, that immunity argument is foreclosed by the Texas Supreme Court's decision in *Hidalgo County Water Improvement District No. 3 v. Hidalgo County Irrigation District No. 1*, 669 S.W.3d 178 (Tex. 2023). In that case, a water improvement district initiated condemnation proceedings against an irrigation district as part of the water improvement district's attempts to extend an irrigation pipeline across the irrigation district's outtake canal. *Id.* at 181. The irrigation district filed a plea to the jurisdiction contending that it had governmental immunity from that condemnation, which was granted by the trial court, dismissing the suit. *Id.* After analyzing the purpose and nature of governmental immunity and the development of immunity and eminent domain precedent, the Texas Supreme Court held that sovereign immunity, and by extension governmental immunity,

---

[3] In 2011, the Legislature originally established Lazy W District No. 1, "a municipal utility district [MUD] created under Section 59, Article XVI, Texas Constitution." Tex. Spec. Dist. Code § 8380.002. The MUD was originally composed of territory in Henderson County, Texas. *See id.* § 8380.006(a) ("The district is initially composed of the territory described by Section 2 of the Act enacting this chapter."); *see also Creation of the Lazy W District No. 1; Providing Authority to Impose a Tax and Issue Bonds; Granting a Limited Power of Eminent Domain*, 82nd Leg., R.S., ch. 866, § 2, 2011 Tex. Gen. Laws 2197, 2201–05 (describing metes and bounds of territory located in Henderson County, Texas). Lazy W asserts that in 2013, the entity was converted from a MUD to a water control and improvement district and that "Lazy W District No. 1" and "Lazy W Conservation District" are the same entity. Although the parties dispute whether Lazy W successfully converted from a MUD, whether Lazy W was acting outside its governmental boundaries, and whether Lazy W is entitled to governmental immunity, we need not decide those preliminary issues because, even assuming Lazy W is entitled to governmental immunity, such immunity does not defeat subject matter jurisdiction in this case.

does not apply in eminent domain proceedings between two governmental entities. *Id.* at 181–86; *see also id.* at 187 ("[W]holly immunizing the condemnee would undermine the condemnation power the Legislature chose to grant to the condemnor to fulfill an identified public need.").

Accordingly, even assuming without deciding that Lazy W has governmental immunity in some respects, that immunity cannot operate as a jurisdictional bar to the City's condemnation suit. *Id.* at 186. The trial court therefore erred in granting the plea to the jurisdiction based on governmental immunity.

### *Paramount Public Importance Doctrine*

In its fourth and fifth issues, the City argues the trial court erred in granting the plea because the alternative ground advanced by Lazy W—that condemning the Property would destroy Lazy W's existing public use under the paramount public importance doctrine—is not a jurisdictional issue and, even if it may be considered at this jurisdictional stage, Lazy W has failed to establish that the doctrine would defeat the City's right to condemn in this instance.

Under the paramount public importance doctrine, "a condemnee may prevent a condemnation of property already devoted to public use if (1) the condemnee first establishes that the condemnation 'would practically destroy the use to which [the property] has been devoted,' and (2) the condemnor then fails to show that 'the necessity [is] so great as to make the new enterprise of paramount importance to the public, and it cannot be practically accomplished in any other way.'" *Hidalgo Cnty. Water Improvement Dist.*, 669 S.W.3d at 184–85 (quoting *Sabine & E.T. Ry. Co. v. Gulf & Interstate Ry. Co.*, 46 S.W. 784, 786 (Tex. 1898)). Although Lazy W asserts that the doctrine may be considered at the plea to the jurisdiction stage, that doctrine "is a defense to a proposed condemnation," *Harris Cnty. Fresh Water Supply Dist.*

6

*No. 61 v. Magellan Pipeline Co.*, 649 S.W.3d 630, 647 (Tex. App.—Houston [1st Dist.] 2022, pet. denied), not a jurisdictional issue. That is, "[i]f [Lazy W] raises it by showing that its own use will be practically destroyed and the [City] does not rebut it by showing its use is of paramount importance, the [City] may not be allowed to condemn, but the trial court's jurisdiction is not implicated." *Id.*; *see also Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 882 (Tex. 1973) (explaining that "[i]n these circumstances and when the condemnation will practically destroy the use to which the property has been devoted," whether the entity may condemn property "under the facts and circumstances of the case does not go to the jurisdiction of the [court] but was a matter to be resolved by that court in the exercise of its jurisdiction"); *Town of Westlake v. City of Southlake*, No. 02-21-00241-CV, 2021 WL 6069104, at *14 (Tex. App.—Fort Worth Dec. 23, 2021, pet. dism'd) (mem. op.) ("The doctrine of paramount importance presents not a jurisdictional issue but an issue to be litigated during the merits because the doctrine 'does not implicate the power of one unit to bring the other to court; rather, the issue is resolved by the commissioners in the condemnation suit.'" (quoting *State v. Montgomery County*, 262 S.W.3d 439, 445 (Tex. App.—Beaumont 2008, no pet.)); *cf. Hidalgo Cnty. Water Improvement Dist.*, 669 S.W.3d at 185 (cautioning that parties had not "raised the specter" of sovereign immunity, a jurisdictional issue, in "nearly a century of precedent discussing" the paramount public importance doctrine).

Lazy W argues that the paramount public importance doctrine should be considered at this jurisdictional stage because the eminent domain process allows the condemning authority to take possession and start construction as soon as the special commissioners issue their award, which may be months or years before trial. *See* Tex. Prop. Code § 21.021 ("Possession Pending Litigation"). Regardless of the unique procedures in the

7

eminent domain process, the trial court confines its review on a plea to the jurisdiction only to whether the court has subject matter jurisdiction. *See Miranda*, 133 S.W.3d at 226. Evidence concerning the paramount public importance doctrine is neither relevant nor necessary to resolve any jurisdictional issues before the trial court. *See University of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019) ("The purpose of a plea to the jurisdiction is to 'defeat a cause of action without regard to whether the claims asserted have merit.'" (quoting *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554)); *see also Martin v. National Instruments Corp.*, No. 03-12-00771-CV, 2013 WL 3013881, at *2 (Tex. App.—Austin June 11, 2013, no pet.) (mem. op.) (explaining courts consider evidence relevant and necessary to resolve jurisdictional issues). Moreover, Lazy W concedes in its briefing that it need not wait until trial to assert the paramount public importance doctrine; rather, that doctrine may be evaluated at the summary judgment stage.[4] *See, e.g., Canyon Reg'l Water Auth. v. Guadalupe-Blanco River Auth.*, 258 S.W.3d 613, 616 (Tex. 2008) (considering paramount public importance issue at summary judgment stage). Because the paramount public importance doctrine is not a jurisdictional issue, *see Harris Cnty. Fresh Water Supply Dist,* 649 S.W.3d at 647, the trial court erred insofar as it granted the plea to the jurisdiction based on that unrelated merits dispute.

---

[4] Lazy W also overly simplifies our standard of review when it asserts that both pleas to the jurisdiction and summary judgment motions share the same evidentiary burdens and restrictions. Although a governmental unit may assert certain jurisdictional challenges premised on immunity through both pleas to the jurisdiction and motions for summary judgment, *see University of Tex. Sw. Med. Ctr. v. Matias*, No. 03-21-00575-CV, 2023 WL 8285105, at *4 (Tex. App.—Austin Nov. 30, 2023, pet. filed) (mem. op.), we only apply a standard of review on pleas to the jurisdiction that is similar to our review of a summary judgment motion *if* the jurisdictional inquiry implicates the merits of the plaintiff's case, *see Martin v. National Instruments Corp.*, No. 03-12-00771-CV, 2013 WL 3013881, at *2 (Tex. App.—Austin June 11, 2013, no pet.) (mem. op.).

## CONCLUSION

In conclusion, neither governmental immunity nor the paramount public importance doctrine operates as a jurisdictional bar to the City's condemnation action. Because the trial court erred in granting Lazy W's plea to the jurisdiction, we reverse the order of the trial court and remand the case to that court for further proceedings.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Reversed and Remanded

Filed: May 31, 2024

9