

# NUMBER 13-26-00004-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CEIBA LAND COMPANY, LLC,                                    Appellant,

v.

BAY RUNNER PIPELINE, LLC,                                    Appellee.

## ON APPEAL FROM THE 445TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Appellant Ceiba Land Company, LLC (Ceiba) filed suit in district court against appellee Bay Runner Pipeline, LLC (Bay Runner), arguing that property condemnation proceedings which Bay Runner brought against it in county court were void. By three issues in this appeal, Ceiba argues the district court erred by denying its request for a temporary injunction. We affirm.

## I. BACKGROUND

Ceiba owns real property at the Padre Isabel Estates Subdivision in Cameron County. On June 6, 2025, Bay Runner filed an "Original Petition for Condemnation" in the Cameron County Court at Law No. 1, seeking to acquire temporary and permanent easements on Ceiba's property for the construction and operation of a natural gas pipeline. Bay Runner alleged in its condemnation petition that it is a "gas utility" as defined in the Texas Utilities Code and therefore "has the right and power to enter on, condemn, and appropriate the land, right-of-way, easement, or other property of any person or corporation." TEX. UTIL. CODE § 181.004; *see id.* §§ 121.001(a), 181.021(2) (defining "gas utility"). In accordance with the Texas Property Code, the county court appointed special commissioners who, after a hearing, awarded Ceiba $62,078.59 in damages for the condemned property. *See* TEX. PROP. CODE §§ 21.014, .015. Bay Runner deposited that amount in the registry of the court and filed bonds as required by statute, thereby entitling it to "possession of the condemned property pending the results of further litigation." *Id.* § 21.021(a).

Ceiba timely filed an objection to the special commissioners' award, thus triggering the county court's statutory obligation to "try the case in the same manner as other civil causes." *Id.* § 21.018(b). The record does not reflect that a trial was ever held in the county court or that a final judgment was ever issued in that case.

On November 19, 2025, Ceiba filed the instant suit in the 445th District Court arguing that "Bay Runner's condemnation proceeding is both statutorily deficient and constitutionally flawed" for a variety of reasons, including: (1) Bay Runner is not a "gas utility," (2) Bay Runner failed to prove a public use of the property, (3) the property

description in Bay Runner's condemnation petition was "fatally defective," and (4) the petition "seeks an unreasonably excessive taking not supported by the pipeline's actual route."[1] Ceiba asked the district court for a temporary restraining order (TRO) as well as temporary and permanent injunctions preventing Bay Runner from entering upon its land, and a declaration that the "prior condemnation proceedings are void *ab initio* for lack of jurisdiction." The district court granted an ex parte TRO the following day.

On December 9, 2026, Bay Runner filed a motion to dissolve the TRO and for sanctions, arguing that

> [i]n a clear attempt to circumvent the pending condemnation action, [Ceiba] filed this action which was improper, failed to notify condemnation counsel for Bay Runner, failed to serve Bay Runner and misle[]d th[e district c]ourt by failing to notify the [district c]ourt of a competing, previously filed lawsuit with the same parties and issues, refusing to abide by Local Rule 1.3 and improperly obtaining an *ex parte* [TRO].

That same day, Bay Runner also filed an "Opposition to Application for [TRO], Temporary Injunction, and Permanent Injunction," contesting the merits of the arguments made in Ceiba's petition and additionally arguing that, because there are "statutory remedies to address the harm Ceiba claims it will suffer," Ceiba cannot show immediate or irreparable harm should an injunction not be issued.

At a hearing on December 10, 2025, the district court granted Bay Runner's motion to dissolve the TRO, opining that "all this needs to be heard in [the county] court where it originated." The district court later signed an order denying Ceiba's request for temporary injunction. This accelerated interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4).

---

[1] Ceiba's petition also named Table Rock Surveying, LLC, as a defendant, but it did not include any factual allegations or legal claims against that entity, which is not a party to this appeal.

## II.    TEMPORARY INJUNCTION

### A.    Applicable Law and Standard of Review

"A temporary injunction is an extraordinary remedy," intended to preserve the status quo of the litigation's subject matter pending a trial on the merits, and "does not issue as a matter of right." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Sargeant v. Al Saleh*, 512 S.W.3d 399, 408 (Tex. App.—Corpus Christi–Edinburg 2016, combined appeal & orig. proceeding [mand. denied]). "To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Butnaru*, 84 S.W.3d at 204.

"Whether to grant or deny a temporary injunction is within the trial court's sound discretion." *Id.* "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable it amounts to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law." *Sargeant*, 512 S.W.3d at 409 (first citing *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); and then citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). In evaluating whether the trial court abused its discretion, we review evidence in the light most favorable to its ruling, drawing all legitimate inferences and deferring to the trial court's resolution of conflicting evidence. *See id.* at 409–10.

### B.    Analysis

In its issues on appeal, Ceiba argues: (1) the district court abused its discretion by yielding to the dominant jurisdiction of the county court at law because the county court proceedings were void, (2) the county court proceedings were void because Bay Runner

4

is not a "gas utility" authorized to condemn private property, and (3) the county court proceedings were void because the property description in Bay Runner's condemnation petition was fatally defective.

"The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016); *see Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005) ("The court in which suit is first filed generally acquires dominant jurisdiction to the exclusion of other courts if venue is proper in the county in which suit was first filed."); *Joe Williamson Constr. Co. v. Raymondville Indep. Sch. Dist.*, 251 S.W.3d 800, 805 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.) ("Dominant jurisdiction excludes other courts from exercising jurisdiction over the same case.").[2] The doctrine applies in condemnation proceedings. *See State ex rel. Tex. Transp. Comm'n v. Suleiman*, 651 S.W.3d 624, 629 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (noting that "once a county court at law's jurisdiction is invoked in an eminent domain proceeding, that court has jurisdiction to the exclusion of all other courts of the subject matter of the litigation" (citation modified)).

Ceiba argues the district court erred in determining that the county court had dominant jurisdiction because the doctrine "is not an absolute rule" and does not apply

---

[2] We note that "despite its name, dominant jurisdiction is a creature of venue, not subject-matter jurisdiction." *Shaw v. Simpson*, No. 13-23-00549-CV, 2025 WL 3101346, at \*4 (Tex. App.—Corpus Christi–Edinburg Nov. 6, 2025, no pet.) (mem. op.) (noting the doctrine "applies when venue is proper in two or more Texas counties or courts"). And "the proper method to draw a court's attention to another court's possible dominant jurisdiction is to file a plea in abatement." *Id.* (concluding the issue of dominant jurisdiction was not properly before the appeals court because appellees did not "file a plea in abatement or any other kind of motion to challenge venue"). Here, Bay Runner did not file a plea in abatement, but it made clear in its motion to dissolve the TRO that it was asserting the county court had dominant jurisdiction over the subject matter of Ceiba's suit. In any event, Ceiba does not argue the district court erred in denying the temporary injunction for this reason. *See* TEX. R. APP. P. 47.1.

"where the first-filed proceeding is void for lack of subject-matter jurisdiction." In support of this argument, it cites *Schumann v. City of Schertz*, 100 S.W.3d 361, 363 (Tex. App.—San Antonio 2002, no pet.). In that case, as here, the appellants filed suit in district court to prevent the appellee from taking action on their condemnation suit which was filed in county court. *Id.* at 362–63. The district court denied appellants' request for a temporary injunction, and the appellants argued this was error in part because the county court proceedings were void. *Id.* at 362. The San Antonio Court of Appeals remarked that "an attempt to take private property for public use by virtue of eminent domain may be restrained by injunction when the proceedings are, for any reason, void." *Id.* at 364 (quoting *Seiler v. Intrastate Gathering Corp.*, 730 S.W.2d 133, 136 (Tex. App.—San Antonio 1987, no writ)). The appeals court then concluded that the district court did not err because the county court proceedings were not void. *Id.* at 367.

*Schumann* is distinguishable because it did not involve dominant jurisdiction. The appellee there did not argue, as Bay Runner does here, that a temporary injunction would be improper because the same subject matter was at issue in a separate lawsuit which was still pending in another court, and the San Antonio court did not discuss that issue. Accordingly, we disagree with Ceiba that *Schumann* demonstrates an exception to the doctrine of dominant jurisdiction.[3]

---

[3] The Texas Supreme Court has described the doctrine of dominant jurisdiction as a "rule." *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001). The Court explained that the rule

> has several justifications. The jurisprudential reason for the rule is that once a matter is before a court of competent jurisdiction, its action must necessarily be exclusive because it is impossible that two courts can, at the same time, possess the power to make a final determination of the same controversy between the same parties. A pragmatic justification for the first-filed rule is efficiency: proceedings earlier begun may be expected to be earlier concluded. A further justification is simple fairness: in a race to the courthouse, the winner's suit should have dominant jurisdiction.

We find that the doctrine was appropriately applied in this case. Bay Runner filed its condemnation petition on June 6, 2025, in a court of proper venue. *See* TEX. PROP. CODE § 21.013(a). Ceiba timely objected to the special commissioners' award, so it is entitled to a trial in the county court on the propriety of the award. *See id.* § 21.018(b). Ceiba then filed the instant suit in district court on November 19, 2025. Crucially, the claims raised in the instant suit exclusively concern the validity and merits of Bay Runner's condemnation petition and the ensuing award. There is no reason Ceiba cannot bring those substantive complaints—i.e., that Bay Runner was not a "gas utility" and that the property description in Bay Runner's petition was defective—in the pending county court proceedings and litigate them through final judgment there. *See In re Breviloba, LLC*, 650 S.W.3d 508, 512 (Tex. 2022) (orig. proceeding) (per curiam) (noting "[c]ourts of this State have long held that jurisdiction over eminent domain cases includes jurisdiction to adjudicate the condemnor's eminent domain authority" and collecting cases); *Suleiman*, 651 S.W.3d at 628 ("A county court at law's jurisdiction includes the right to try and decide all questions which may fairly arise out of, or in connection with, a condemnation suit, other than questions of title."); *see also Tonahill v. Gulf States Utils. Co.*, 446 S.W.2d 301, 302 (Tex. 1969) (per curiam) ("Petitioner contends that the petition in condemnation does not contain a legally sufficient description of the property. . . . This and other questions raised by petitioner may and should be considered and decided by the county court in an

---

*Id.* (quotations and footnotes omitted). The Court noted that

> [t]he first-filed rule admits of exceptions when its justifications fail, as when the first court does not have the full matter before it, or when conferring dominant jurisdiction on the first court will delay or even prevent a prompt and full adjudication, or when the race to the courthouse was unfairly run.

*Id.* Ceiba has never alleged that any of these specific exceptions apply in this case.

appeal from the award of the commissioners.").

Ceiba has never disputed that its claims could have been brought in the county court at law proceedings.[4] Instead, it brought an independent collateral attack on those proceedings—before they even advanced to trial—and obtained an ex parte TRO nullifying Bay Runner's statutory right to occupy the subject property during the interim. *See* TEX. PROP. CODE § 21.021. Based on the doctrine of dominant jurisdiction, such an attack is premature and improper in this matter.[5]

For the foregoing reasons, we conclude Ceiba did not establish a probable right to relief on its claims in the district court, and the district court thus did not abuse its discretion in denying its request for temporary injunction. *See Butnaru*, 84 S.W.3d at 204. We overrule Ceiba's issues on appeal.

### III. CONCLUSION

The district court's judgment is affirmed.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
30th day of April, 2026.

---

[4] Citing section 21.064 of the Texas Property Code, Ceiba argues that district courts enjoy "the exclusive authority to enjoin a condemnation where the underlying proceeding is unauthorized or fails to strictly comply with the law." In fact, "[d]istrict courts and county courts at law have concurrent jurisdiction in eminent domain cases," TEX. PROP. CODE § 21.001, and the district court's power to grant injunctive relief under section 21.064 is not exclusive. *See id.* § 21.064.

[5] We note that the record does not contain a ruling on Bay Runner's motion for sanctions.